21142

Morris BLACK, Respondent, v. James A. FREEMAN, Appellant.

(262 S. E. (2d) 879)

*Acker, Acker, Floyd & Welmaker,* Pickens, *for appellant.*

*Finley, Ponder & Warlick,* Pickens, *for respondent.*

February 6, 1980.

NESS, Justice:

This appeal is from an order granting a directed verdict in favor of respondent Black against appellant Freeman. We reverse.

Freeman employed Black to perform carpentry work on his house at the contract price of "$2.50 per sq. ft. $2.00 unfinished." There was no specification as to the number of square feet upon which respondent's total compensation was to be based. Black demanded payment based upon the entire square footage and Freeman argues respondent was entitled to payment only upon the heated space.

The sole issue is whether the trial court erred in granting respondent's motion for a directed verdict. Where the terms of a contract are clear and unambiguous as a matter of law, its construction is for the court. *Proffitt v. Sitton,* 244 S. C. 206, 136 S. E. (2d) 257 (1964); *Hutson v. Herndon,* 243 S. C. 257, 133 S. E. (2d) 753 (1963). Where they are ambiguous, the question of the parties' intent should be submitted to the jury. *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171 (1962). The contract omitted any mention of the disputed term and the evidence was capable of more than one reasonable inference as to the parties' intent. We hold the trial court erred in directing a verdict for respondent.

Reversed and Remanded.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.