## 23201

CHARLESTON TELEVISION, INC., Petitioner v. SOUTH CAROLINA BUDGET AND CONTROL BOARD, South Carolina Educational Television, and Tall Tower, Inc., Respondents.

(392 S.E. (2d) 671)

Supreme Court

*Dwight F. Drake, William C. Hubbard, Barbara Howe McArthur,* of *Nelson, Mullins, Riley & Scarborough, Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Atty. Gen. Charles W. Gambrell, Jr.,*

*Staff Atty. Samuel L. Wilkins,* Columbia, *for respondent South Carolina Budget and Control Bd.*

*D. Reece Williams, III* and *David W. Robinson,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for respondent South Carolina Educational Television Com'n.*

*M. Elizabeth Crum,* of *McNair Law Firm, P.A.,* Columbia, *Robert L. Clement, Jr.,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent Tall Tower, Inc.*

Heard March 5, 1990.

Decided April 30, 1990.

HARWELL, Justice:

This case arises from a dispute between petitioner Charleston Television, Inc. and Respondent Tall Tower, Inc. as to which of these parties is entitled to lease television transmission tower space to Respondent South Carolina Educational Television Commission (SCETV). Certain issues relative to this dispute were addressed by the Court of Appeals in *Charleston Television, Inc. v. South Carolina Budget and Control Board, South Carolina Educational Television, and Tall Tower, Inc.,* 296 S.C. 444, 373 S.E. (2d) 892 (Ct. App. 1989) (Tall Tower II).[1] We granted certiorari to consider that opinion[2] and now reverse and remand.

## I. BACKGROUND[3]

In December 1985, both Charleston Television and Tall Tower presented lease proposals for the SCETV Commission. The lease falls under the purview of S.C. Code Ann. § 11-35-1590 (1976), the section of the South Carolina Consolidated Procurement Code, §§ 11-35-10 through 11-35-5270 (1976 & Supp. 1989), which deals with the lease of real prop-

---

[1]Other issues which arose in this dispute were addressed in an earlier opinion of this Court, *Tall Tower, Inc., et al. v. South Carolina Procurement Review Panel, et al.,* 294 S.C. 225, 363 S.E. (2d) 683 (1987) (Tall Tower I).

[2]The opinion of the Court of appeals is a plurality opinion. Supreme Court Rule 55, § 3(b) empowers this Court to grant certiorari in cases where there is no majority opinion.

[3]A complete recitation of the factual background in this case can be found in the opinion of the Court of Appeals.

erty by a governmental body. The only regulation enacted pursuant to this statute is 23 S.C. Code Ann. Reg. 19-445.2120 (1976), "Lease and/or Rental of Office Space and Other Real Property" which reads in pertinent part:

> No governmental body shall contract for the lease, rental or use of non-state-owned real property without approval of the Division of General Services, except as specified in Subsection C. Requests shall be directed to the Division of General Services, Real Property Management Section. The Division of General Services shall negotiate all leases of non-State-owned real property unless the governmental body has been certified by the Materials Management Office.

On January 13, 1986, prior to the lease being awarded, Charleston Television served a petition pursuant to S.C. Code Ann. § 1-23-150(a) (1976), on Respondent Budget and Control Board (Board). The petition sought a declaration as to the applicability of Reg. 19-445.2120 to Charleston Television and further sought a declaration that the Board exceeded its authority in enacting the regulation. The Board ruled that the regulation was applicable, and that it had not exceeded its authority in enacting the regulation.

On January 28, 1986, the Board approved, and SCETV signed a lease with Tall Tower. On the same day, Charleston Television filed a procurement protest. At the protest hearing before the Procurement Review Panel, the Panel expressly refused to consider the authority of the Board to promulgate Reg. 19-445.2120 because that question was an issue in the previous petition before the Board. The hearing went forward on other issues which ultimately resulted in an order of the Procurement Review Panel that the lease be rebid. This Order was appealed and reversed in the opinion of this Court in *Tall Tower, Inc., et al. v. South Carolina Procurement Review Panel, et al.*, 294 S.C. 225, 363 S.E. (2d) 683 (1987) (Tall Tower I).

Meanwhile, on March 14, 1986, pursuant to subsection (b) of § 1-23-150, Charleston Television petitioned for judicial review of the Board's previous declaratory ruling. The petition for a Declaratory Judgment and Injunctive Relief

requested that the circuit court rule that Reg. 19-445.2120 exceeded the authority of the Board and further requested that the court declare the lease null and void as having been awarded pursuant to an invalid regulation. On November 20, 1986 the circuit court issued its Order reversing the Board's ruling. The circuit court found that "Because this regulation neither mentions nor provides for competitive bidding, it is the declaration and determination of this Court that regulation 19-445.2120 is not in accordance with the requirements of S.C. Code Ann. § 11-35-1590." The November 20, 1986 Order was reversed by the Court of Appeals. We granted certiorari to consider the plurality opinion.

## II. DISCUSSION

### A. EXHAUSTION OF REMEDIES

Charleston Television petitioned the Board for a declaratory ruling in this case pursuant to S.C. Code Ann. § 1-23-150(a) which provides:

> § 1-23-150. Appeals contesting authority of agency to promulgate regulation.
>
> (a) Any person may petition an agency in writing for a declaratory ruling as to the applicability of any regulation of the agency or the authority of the agency to promulgate a particular regulation. The agency shall, within thirty days after receipt of such petition, issue a declaratory ruling thereon.

The Board issued its ruling that Reg. 19-445.2120 was applicable to Charleston Television and that it had not exceeded its authority in enacting the regulation. Thereafter, Charleston Television petitioned the circuit court for judicial review of the Board's ruling under § 1-23-150(b) which provides:

> (b) After compliance with the provisions of paragraph (a) of this section, any person affected by the provisions of any regulation of an agency may petition the Circuit Court for a declaratory judgment and/or injunctive relief if it is alleged that the regulation or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff or that the regulation exceeds the regulatory

authority of the agency. The agency shall be made a party to the action.

■ Judge Gardner held that Charleston Television was not entitled to judicial review because it proceeded under § 1-23-150 without first exhausting its administrative remedy under S.C. Code Ann. § 1-23-126 (1985). We disagree.

Section 1-23-126 provides:

An interested person may petition an agency in writing requesting the promulgation, amendment or repeal of a regulation. Within thirty days after submission of such petition, the agency shall either deny the petition in writing (stating its reasons for the denial) or shall initiate the action in such petition.

Section 1-23-126 is adopted from section 6 of the 1961 version of the Revised Model State Administrative Procedure Act, 14 U.L.A. 357 (1980).[4] The comments to the 1961 version shed no light on the purpose of this section, however guidance can be found in the comments to § 5-107 of the 1981 version. Section 5-107 of the Unif. Law Commissioner's Model State Admin. Procedure Act, 14 U.L.A. 69 (Supp. 1989) permits a person to seek judicial review only after exhausting all administrative remedies, but contains an exception that "[a] petitioner for judicial review need not have participated in the rulemaking proceeding upon which that rule is based, or have petitioned for its amendment or repeal." In a comment to this exception, the drafters note that the exhaustion requirement, "like the 1961 Revised Model Act, imposes no exhaustion requirement on the petitioner for judicial review of a rule." Thus, as clarified by the comments to the 1981 Model Act, a person seeking judicial review of a regulation would not first be required to proceed under Section 1-23-126.

This approach is consistent with that of our sister court in North Carolina as well as other jurisdictions.[5] In *Potter v. North Carolina Department of Insurance*, 40 N.C. App. 376,

---

[4]Compare the South Carolina Administrative Procedures Act, S.C. Code Ann. §§ 1-23-10 through 1-23-400 (1986 & Supp. 1989) to the Model State Administrative Procedure Act §§ 1-19, 14 U.L.A. 357 (1980).

[5]See cases collected and discussed at 41 S.C.L. Rev. 1-9 (1989).

253 S.E. (2d) 44, *cert. denied*, 297 N.C. 455, 256 S.E. (2d) 808 (1979), the North Carolina Court of Appeals, in addressing a similar exhaustion of remedies question, held that a plaintiff is not required to petition for a rule change under North Carolina's version of our § 1-23-126 prior to seeking relief under North Carolina's version of our § 1-23-150. We agree with the *Potter* approach.

To hold otherwise would result in an onerous and unnecessary burden being placed on the person challenging a regulation. Such a person would be required to undergo the public notice, filing, public participation, and legislative review process for promulgating regulations prior to being allowed to contest the applicability of a regulation. This is an undesirable result. Accordingly, we hold that a plaintiff is not required to proceed pursuant to § 1-23-126 prior to seeking relief under § 1-23-150.

## B. AUTHORITY OF THE BUDGET AND CONTROL BOARD TO ENACT REG. 19-445.2120 PURSUANT TO S.C. CODE ANN. § 11-35-1590(3)(C).

In Tall Tower I, this Court was asked to decide whether competitive sealed bidding was required for the tower lease. In making that determination, we were required to jointly construe S.C. Code Ann. § 11-35-1510, S.C. Code Ann. § 11-35-1590 and Reg. 19-445.2120. S.C. Code Ann. § 11-35-1510 provides, in pertinent part:

> Unless otherwise provided by law, all State contracts shall be awarded by competitive sealed bidding pursuant to § 11-35-1520, except as provided in . . . (1) Section 11-35-1590 (Leasing of Real Property for governmental bodies.)

Section 11-35-1510 clearly exempts real property leases from the strict competitive sealed bidding procedures. However, section 1590(3)(c) provides that the "Board shall promulgate regulations to implement the provisions of this section which shall include . . . (c) procedures for competitive bidding where feasible." This recognizes that even though competitive sealed bidding is not required, procedures to facilitate competition should still be used when possible. Reg. 19-445.2120 states, in relevant part, that the "[D]ivision of

general Services shall negotiate all leases." In *Tall Tower I,* we held that together these provisions established a negotiation process for the lease of real property. This Court was not, however, presented with the issue of whether or not the promulgation of or the exercise of power pursuant to Reg. 19-445.2120 exceeded the Board's authority. In fact, as noted above, the Procurement Review Panel had expressly declined to consider this question as it was pending in the Declaratory Ruling action before the Board. That question is the issue in this case.

On appeal, the Court of Appeals declined to address this issue because in Judge Gardner's opinion, as noted above, the argument was barred due to failure to exhaust administrative remedies. In Judge Bell's concurrence, he noted that it was not necessary to reach this issue because, since the case arrived in a posture in which there was an unappealed finding that competitive bidding was not feasible, Charleston Television could not be an "affected person" under § 1-23-150(b), and thus could not proceed under that section. Finally, in Judge Cureton's dissent, he opined that because the circuit court concluded that the Board had no authority to promulgate the regulation, the judge did not need to reach the question of feasibility. Judge Cureton concluded that the Board's authority to approve the lease was conditioned upon the prior adoption of regulations specifying procedures for competitive bidding and of criteria for determining when competitive bidding was feasible. Therefore Judge Cureton agreed with the circuit court's determination that a finding regarding feasibility of competitive bidding was not necessary.

We believe the most practical and correct starting point of analysis is with resolution of the question of whether competitive bidding was feasible. Based on the record before us, we see little choice but to reach the conclusion that such was feasible. In the Procurement Review Panel Order, which was made a part of this record, the Panel found that although competitive bidding was not used by the parties, all parties knew that competition for the tower lease existed. The petition for injunctive and declaratory relief alleged that competitive bidding was feasible because there were two vendors offering substantially the same services. Finally, and perhaps most convincing, the Board stated in its Declaratory Ruling

that "competition did in fact exist by virtue of the consideration of the proposals of both parties, lease negotiations, and the utilization of several criteria (including cost) in analyzing the proposals." Thus, it is clear to this Court that competitive bidding was, in fact feasible. This brings us to the second step of the analysis where we must consider whether Reg. 19-445.2120 complies with the mandate of § 11-35-1590(3)(c).

Section 11-35-1590(3)(c) directs that the Board "shall" promulgate regulations to implement competitive bidding procedures where feasible. The only regulation promulgated pursuant to § 11-35-1590 is Reg. 19-445.2120, which unequivocally establishes a negotiation process, as recognized by this Court in *Tall Tower I*. Thus, even though in this situation competitive bidding was feasible, the Board proceeded to apply a negotiation process. The Board failed to promulgate regulations for competitive bidding pursuant to the mandate of § 11-35-1590(3)(c), and instead relied improperly on the only existing regulation and entered into the lease by negotiation. Therefore, the only logical conclusion is that the lease was entered into in contravention of § 11-35-1590(3)(c) and is therefore null and void. Accordingly, this lease must be rebid. By our holding, we do not purport to provide that Reg. 19-445.2120 is invalid in every instance. Indeed, where competitive bidding is not feasible, the negotiation process outlined may properly be used. It is however, invalid as applied to those leases, such as the one in this case, where competitive bidding is feasible. Therefore, although we do not invalidate this regulation totally, we do find that it is invalid as applied to this lease.

### III. CONCLUSION

The result reached in the plurality opinion of the Court of Appeals is hereby reversed. The order of the circuit court judge that the lease be rebid is affirmed as modified, such modification being our additional conclusion that competitive bidding was feasible. Accordingly, we reverse and remand this case for a rebidding of the lease in dispute.

Reversed and remanded.

GREGORY, C.J., FINNEY, J., and LITTLEJOHN and KINARD, Acting JJ., concur.