23416

CAFE ASSOCIATES, LTD., Respondent v. Rainer R. GERNGROSS, Appellant, Robert H. Prophet, Intervenor.
(406 S.E. (2d) 162)
Supreme Court

*Terry A. Finger* and *Mark H. Lund, III*, of *Novit, Scarminach & Johnson, P.A.*, Hilton Head Island, *for appellant.*

*John J. McKay, Jr.*, of *McKay & Taylor, P.A.*, Hilton Head Island, *for respondent.*

Heard Dec. 13, 1990; Decided June 24, 1991.

Rehearing Denied July 24, 1991.

FINNEY, Justice:

Appellant Rainer R. Gerngross appeals an order granting Respondent Cafe Associates' motion for summary judgment. We affirm.

This action commenced when respondent filed an action against appellant seeking damages and an injunction prohibit-

ing appellant from any further breach of a Covenant Not to Compete. On December 30, 1986, the parties executed an Asset Purchase Agreement whereby respondent agreed to purchase Cafe Europa, a restaurant, from the appellant. The purchase price was $700,000, of which $650,000 was allocated for assets and $50,000 for a Covenant Not to Compete. The transaction was consummated and on January 30, 1987, the appellant executed a Covenant Not to Compete.

The Asset Purchase Agreement contained a non-competitive clause which prohibited the seller from engaging in the restaurant business within a five-mile radius of Cafe Europa for a period of five years, commencing on the date of closing. The agreement provided further that, except for Olga Picard, the seller would not, without the express written consent of the purchaser, directly or indirectly hire, or cause to be hired in any capacity during the five-year period, any staff or personnel employed by Cafe Europa during the 1986 season, or hired thereafter, during the five-year term. The Covenant Not to Compete recites the same language, includes a consideration of $50,000, but omits the five-year time designation.

On November 14, 1989, the respondent brought suit alleging breaches of the Asset Purchase Agreement and Covenant Not to Compete by the appellant. At the time, appellant was in the process of opening "Big Rocco's," a restaurant located within five miles of Cafe Europa. Both parties moved for summary judgment.[1] During oral argument on the summary judgment motions, the master indicated his feeling, based upon reading the Covenant alone, that the Covenant was void. Subsequently, the master reversed his initial determination after concluding that the Asset Purchase Agreement and Covenant Not to Compete should be read together. The master's written order granted respondent a permanent injunction prohibiting appellant from opening the restaurant prior to January 30, 1992.

---

[1] Robert Prophet, a Chef at Cafe Europa, became interested in working at "Big Rocco's." Respondent withheld written consent to Prophet's employment by the appellant. Prophet filed a motion to intervene, alleging that the covenant violated public policy. After his motion was filed, Prophet was discharged by respondent. Prophet did not appeal the master's order and is not a party to this appeal.

Appellant claims the master erred in granting summary judgment because the Covenant is invalid or, at the very least, ambiguous. We disagree.

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *See Standard Fire Insurance Co. v. Marine Contracting and Towing Co.,* — S.C., —, 392 S.E. (2d) 460 (1990). In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party. *See Tom Jenkins Realty, Inc. v. Hilton,* 278 S.C. 624, 300 S.E. (2d) 594 (1983).

As a general rule, written contracts are to be construed by the Court; but where a contract is ambiguous or capable of more than one construction, the question of what the parties intended becomes one of fact, and the question should be submitted to the jury. *Black v. Freeman,* 274 S.C. 272, 262 S.E. (2d) 879 (1980); *Wheeler v. Globe & Rutgers Fire Insurance Co.,* 125 S.C. 320, 118 S.E. 609 (1923).

We hold that the master's finding that summary judgment was appropriate is supported by the record.

A restrictive covenant not to compete is generally looked upon with disfavor, examined critically and construed against the employer. Nevertheless, such a covenant will ordinarily be upheld if necessary for protection of the legitimate interest of the employer, is reasonably limited with respect to time and place, is not unduly harsh and oppressive, is reasonable, and supported by valuable consideration. *Rental Uniform Service of Florence, Inc. v. Dudley,* 278 S.C. 674, 301 S.E. (2d) 142 (1983).

First, the master found that a five-mile radius is reasonable as to distance. *See South Carolina Finance Corp. of Anderson v. West Side Finance Co.,* 236 S.C. 109, 113 S.E. (2d) 329 (1960) (25 miles upheld). Second, he determined that five years is within a reasonable time frame. *See Metts v. Wenberg,* 158 S.C. 411, 155 S.E. 734 (1930) (5 years upheld). Third, the master concluded that the Covenant was no more restrictive than reasonably necessary to protect respondent's legitimate interest and that it was supported by valuable consideration. Thus, we uphold the Covenant Not to Compete as valid and enforceable.

The appellant also claims the Covenant could not be enforced because no time limitation was recited and it was continuing beyond a reasonable term. We disagree.

The general rule is that, in the absence of anything indicating a contrary intention, where instruments are executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, the Court will consider and construe them together. *Klutts Resort Realty, Inc. v. Down 'round Development Corp.*, 268 S.C. 80, 232 S.E. (2d) 20 (1977).

We hold that the master did not err in reading the Asset Purchase Agreement and the Covenant Not to Compete together. The two agreements are substantially the same, cover the same subject matter, and both were executed during the course of the same transaction by the same parties for the same purpose. We find no indicia of an intention contrary to the five-year restriction.

Additionally, appellant argues that the specific portion of the Covenant which precludes appellant from hiring certain of respondent's employees is contrary to public policy and renders the Covenant invalid in its entirety. Appellant claims the absence of geographical limitations, time restrictions, or a proviso releasing employees who voluntarily leave employment at Cafe Europa is a fatal defect prohibiting enforcement of any part of the Covenant. We disagree.

We find it unnecessary to determine the validity of the challenged restriction in order to reach a disposition of this case. Where there are several different restrictive agreements in a covenant, the Court has invalidated one and upheld another in the same document. *Oxman v. Sherman*, 239 S.C. 218, 122 S.E. (2d) 559 (1961).

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.