511 S.E.2d 713

**Kenneth SHEALY, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,**
**State of South Carolina, J. Samuel Griswold and John**
**Doe, Respondents.**

**No. 2932.**

Court of Appeals of South Carolina.

Heard Dec. 10, 1998.

Decided Jan. 25, 1999.

Rehearing Denied March 27, 1999.

Douglas N. Truslow, of Columbia, for appellant.

M. Brian Magargle and Charles T. Speth, Jr., both of Haynsworth, Baldwin, Johnson & Greaves, of Columbia, for respondents.

HEARN, Judge:

On March 16, 1994, Kenneth Shealy was terminated from his employment with South Carolina Department of Social Services (DSS). He initiated this action alleging breach of contract, civil conspiracy, tortious interference with contract, negligence, and gross negligence. DSS moved for summary judgment on all claims, asserting Shealy was an at-will employee and could be terminated without cause. The trial judge agreed and granted summary judgment. Shealy appeals. We affirm in part, reverse in part, and remand.

## Factual/Procedural Background

Shealy began working for DSS in 1975 and became a deputy director in 1978. Deputy directors were permanent state employees at that time. On July 1, 1993, the Restructuring Act created nineteen new agencies, including a new DSS, within the executive branch. S.C.Code Ann. § 1–30–10(A) (Supp.1997). All employees and operations within the former DSS were transferred to the new DSS. S.C.Code Ann. § 1–30–100 (Supp.1997). Pursuant to this restructuring, deputy directors within the new DSS were classified as at-will rather than as permanent employees. See S.C.Code Ann. § 1–30–10(E) (Deputy directors serve at the "will and pleasure of the department director."). Shealy continued to work at the new DSS after the restructuring.

On February 16, 1994, the Director of DSS advised Shealy he would be terminated as of March 16, 1994. No cause was given for the termination.[1] Shealy initiated this action contesting his termination on the ground that he never became an at-will employee because he was never offered and never accepted a deputy director position after restructuring. However, the circuit court found Shealy was an at-will employee at the time of his termination and granted summary judgment to DSS.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Café Assocs., Ltd. v. Gerngross,* 305 S.C. 6, 406 S.E.2d 162 (1991). The evidence and inferences therefrom should be viewed in the light most favorable to the non-moving party. *Café Assocs.,* 305 S.C. at 9, 406 S.E.2d at 164.

## Discussion

■ Shealy testified in his deposition that the interim Director initially assigned Shealy to a committee to reorganize the Department. Shealy testified he received a writing stating: "Your responsibilities have been revoked, and you are now on this committee to study how we are going to organize the agency." When the committee's work was completed, Shealy's position remained largely unchanged, except that he and another deputy exchanged some areas of responsibility.

Shealy argues the circuit court judge erred in concluding the Restructuring Act automatically divested Shealy of his employment rights as a deputy director. We agree. Shealy would become an at-will deputy director in the new DSS only after application for, offer of, and acceptance of such a position. Clearly, the interim Director never made such an offer to Shealy. In fact, he specifically told Shealy that Shealy would not be a part of the restructured DSS unless Shealy obtained protection from termination through the Governor's office.

---

1. Counsel for DSS conceded at oral argument that Shealy was terminated for political reasons.

DSS argues Shealy accepted a new at-will deputy directorship implicitly by performance, citing *Small v. Springs Industries, Inc.*, 292 S.C. 481, 484–85, 357 S.E.2d 452, 454 (1987) (finding employee accepted offer of employment by performing act on which the promise was impliedly or expressly based). However, because we find the Director never offered Shealy an at-will deputy directorship in the new DSS, Shealy could not accept by simply performing the duties of a deputy director.

 Shealy asserts provision 17k.26 (Employment Rights Affected by Restructuring) of the Appropriations Act of 1993–94, 1993 Acts 666, permitted him to retain his permanent employee status. Provision 17k.26 [2] and section 1–30–10(E) [3] of the Restructuring Act must be read together to give proper effect to legislative intent. " '[T]his Court must presume that the legislature intended to accomplish something with each statute and not to engage in a futile action.' " *Purvis v. State Farm Mut. Auto. Ins. Co.*, 304 S.C. 283, 288, 403 S.E.2d 662, 666 (Ct.App.1991) (quoting *Charleston Television, Inc. v. South Carolina Budget & Control Bd.*, 296 S.C. 444, 458, 373 S.E.2d 892, 900 (Ct.App.1988), *rev'd on other grounds*, 301 S.C. 468, 392 S.E.2d 671 (1990)). "Statutes dealing with the same subject matter must be reconciled, if possible, so as to render both operative." *Greene v. South Carolina Election Comm'n*, 314 S.C. 449, 452, 445 S.E.2d 451, 453 (1994). These statutes, read together, establish a legislative scheme to reconfigure deputy directors as at-will employees in the new agen-

---

2. Provision 17k.26 states:

Provided, that all State employees affected by the restructuring of State agencies shall retain all present employment rights. Employees who are transferred or reassigned as a result of restructuring who had attained permanent status as provided in the State Employee Grievance Procedure Act of 1982, as amended, shall retain such rights. Employees in positions not covered by the State Employee Grievance Procedure Act of 1982, as amended, who would occupy positions subject to the Act after restructuring and who have more than six months service as a State employee shall have grievance rights under the Act.

Appropriations Act of 1993–94, 1993 Acts 666.

3. Section 1–30–10(E) provides "The department director may appoint deputy directors to head the divisions of their department."

cies, yet also protect incumbent deputy directors who do not accept these new positions.

The State Employee Grievance Procedure Act of 1982 is codified, as amended, in South Carolina Code sections 8–17–310 to –380 (Supp.1997). Effective June 16, 1993, the State Employee Grievance Procedure Act did not apply to deputy directors as defined in section 8–17–320(9).[4] *See* S.C.Code § 8–17–370(12).[5] In light of our holding that Shealy never became a deputy director in the new DSS, he remained covered under the State Employee Grievance Act and retained his permanent employee rights under provision 17k.26.[6]

■ DSS argues that provision 17k.26 did not apply to Shealy because that provision protected only employees transferred or reassigned to newly created agencies and that because DSS existed prior to restructuring it was not really a "new" agency after restructuring. Thus, DSS asks this court to accept a distinction allegedly made by the Restructuring Act among the "created" agencies that have names and duties different from their predecessor agencies, like the Department of Revenue, and those "created" agencies that have the same name and govern the same subject matter as before restructuring, like DSS. We decline to adopt such an interpretation where the plain language of the Act affords no room for such a distinction.

---

**4.** Section 8–17–320(9) defines a deputy director as "an employee who has been appointed under the provisions of Section 1–30–10(E), oversees a division, and reports directly to the agency head."

**5.** The exemption of deputy directors from the State Employee Grievance Act became effective June 16, 1993, but only applied to personnel actions taken after that date.

**6.** DSS argues that if Shealy retained his employee grievance rights, he was required to exhaust his administrative remedies through pursuit of grievance proceedings prior to initiating this lawsuit. However, DSS told Shealy at the time he was terminated that he had no grievance rights because he was an at-will employee. Thus it would have been futile for Shealy to file grievance proceedings. The law does not require the doing of a futile act. *Shupe v. Settle*, 315 S.C. 510, 515, 445 S.E.2d 651, 654 (Ct.App.1994). Further, we believe DSS is estopped by its prior conduct from now arguing that Shealy should have exhausted his administrative remedies.

■ DSS presents additional sustaining grounds in its final brief. Rule 220(c), SCACR, allows this court to affirm a lower court upon any ground appearing in the record; nevertheless, an affirming ground must be presented to and ruled on by the trial judge. *See Brashier v. South Carolina Dep't of Transp.*, 327 S.C. 179, 186 n. 7, 490 S.E.2d 8, 12 n. 7 (1997) (an issue is not preserved, even if it is to be an additional sustaining ground, where the trial judge did not rule on it). The circuit judge did not rule on DSS's additional defenses to Shealy's claim. Therefore, we do not address these additional arguments.

## Conclusion

For the foregoing reasons, we reverse the circuit court's grant of summary judgment in favor of DSS on the claims of breach of contract, tortious interference with contract, negligence, and gross negligence. Shealy conceded at oral argument that the evidence did not create an issue of fact for the jury on the claim of civil conspiracy; thus, summary judgment on that cause of action is affirmed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

CONNOR and HUFF, JJ., concur.