THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lamar Florida, Inc., successor in interest to Lamar Advertising
 of Mobile, Inc., d/b/a Lamar Advertising of Columbia, Appellant,
 v.
 Li’l Cricket, LLC, Respondent.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2007-UP-151
 Submitted April 2, 2007  Filed April 4,
 2007 
 Withdrawn, Substituted and Refiled July 2,
 2007   

AFFIRMED

 
 
 
 Joseph Gregory Studemeyer, of Columbia, for Appellant.
 Edward D. Barnhill, Jr. and Zoe Sanders Nettles, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Lamar
 Florida, Inc. appeals the trial courts grant of summary judgment against
 Lamars claim that Lil Cricket, L.L.C. trespassed on its real property by
 removing Lamars billboard from property leased to Lamar but owned by Lil
 Cricket.  Lamar argues its failure to pay rent did not deprive Lamar of
 exclusive possession of the land and its failure to record the lease did not
 prevent Lil Cricket from having notice of Lamars interest.  We affirm.[1]
I.
On
 September 29, 1995, Alvin Miller leased property in Columbia (the property)
 to Outdoor East, predecessor in interest to Lamar, for a period of 5 years for
 $700 per year.  The property was the size necessary to support a billboard, and
 the lease was entered for the purpose of construction and maintenance of a
 billboard by Outdoor East.  The lease
 agreement does not contain a provision regarding failure to pay rent.  As admitted by Lamar, the lease was never
 recorded.  
On December 11, 1996, Lamar purchased the billboard and the lease
 interest in the property from Outdoor East.  In early 1997, Lamar placed
 nameplates on the billboard.  Alvin Miller sold the property to John Miller. 
 On November 21, 1997, Lil Cricket purchased the property from John Miller.  
Lamar never paid rent to Lil Cricket for the property.  In a
 letter sent via fax to Lamars attorney on or about August 19, 1999, Lil
 Cricket instructed Lamar to remove the billboard.  Lil Cricket sent another
 letter to Lamar dated August 24, 1999 insisting Lamar remove the billboard by
 August 31, 1999.  On or about August 24, 1999, the Jones Sign Company attempted
 to remove the billboard per Lil Crickets request.  Lamar prevented the Jones
 Sign Company from fully removing the billboard.  In a letter dated August 26, 1999,
 Lamar responded to Lil Crickets action and argued it had a valid lease. 
 Lamar attached the lease to the letter.  Lamar also sent two letters dated
 September 1, 1999 and September 3, 1999 stating Lamar has a valid lease and Columbia regulations allow Lil Cricket to erect its own sign without removing Lamars
 billboard.  
In a letter dated September 3, 1999, Lil Cricket provided second
 notice to Lamar that the billboard must be removed immediately.  On or about
 October 1, 1999, Lil Cricket wrote the Jones Sign Company instructing them to
 take down the billboard.  The Jones Sign Company took down the billboard. 
Lamar brought suit against Lil Cricket claiming breach of
 contract, conversion, and a violation of the Unfair Trade Practices Act (UTPA).
  The trial court granted summary judgment on the claims for conversion and a
 violation of UTPA, which was affirmed by this court and Lamars petition for
 certiorari was denied on September 9, 2004.[2]   
Lamar moved to amend its complaint to include claims against Lil
 Cricket for trespass to real property and trespass to personal property.  The
 trial court first denied Lamars motion, but the trial court later granted
 Lamars motion to alter or amend, thereby allowing Lamar to amend its complaint
 to include claims for trespass to real and personal property.  Subsequently,
 the trial court granted Lil Crickets motion for summary judgment regarding
 Lamars claim for trespass to real property.  This appeal followed.
II.
An
 appellate court reviews the grant of summary judgment under the same standard
 applied by the trial court.  Houck v. State Farm
 Fire & Cas. Ins. Co., 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005).  Summary judgment is only appropriate when clearly no
 genuine issue of material fact exists and the moving party is entitled to
 judgment as a matter of law.  Rule 56(c),
 SCRCP; Cafe Assocs., Ltd. v. Gerngross, 305 S.C. 6, 9, 406 S.E.2d 162,
 164 (1991).  However, summary judgment is not
 appropriate if further inquiry into the cases facts is desirable for the
 application of the law.  Brockbank v. Best Capital Corp., 341 S.C. 372, 378, 534
 S.E.2d 688, 692 (2000).  Conversely, when plain, palpable, and
 indisputable facts exist on which reasonable minds cannot differ, summary
 judgment should be granted.  Hedgepath v.
 Am. Tel. & Tel. Co., 348 S.C. 340, 355, 559 S.E.2d
 327, 336 (Ct. App. 2001).
III.
A. Trespass
Lamar
 argues the trial court erred by granting summary judgment to Lil Cricket on
 Lamars claim for trespass to real property after the trial court found Lamars
 claim lacked two key elements: Lil Crickets intentional invasion and Lamars
 exclusive possession.  We disagree.
[T]respass
 is any intentional invasion of the plaintiffs interest in the exclusive
 possession of his property . . . .  Hawkins v. City of Greenville, 358
 S.C. 280, 296, 594 S.E.2d 557, 565 (Ct. App. 2004) (quoting Hedgepath v. Am. Tel. & Tel. Co., 348 S.C. 340, 356, 559 S.E.2d 327, 337 (Ct. App.
 2001)).  The trial court held summary judgment for
 trespass to real property was appropriate because the unrecorded lease provided
 no notice preventing Lil Cricket from intentionally invading the property and
 Lamars failure to pay rent prohibited Lamar from having exclusive possession
 of the property.  
1.      Intentional Invasion
Lamar
 contends the trial court erred by holding Lil Cricket did not intentionally
 invade Lamars interest because Lil Cricket lacked notice of the lease
 agreement between Outdoor East and Miller, Lamar and Lil Crickets
 predecessors of title.  We disagree. 
Section
 30-7-10 of the South Carolina Code (2007) requires leases for more than twelve
 months to be recorded in order to affect the rights of subsequent purchasers
 without notice.  Additionally, section 30-7-90 of the South Carolina Code
 (2007) provides:

 No
 possession of real property described in any instrument of writing required by
 law to be recorded shall operate as notice of such instrument. Actual notice
 shall be deemed and held sufficient to supply the place of registration only
 when such notice is of the instrument itself or of its nature and purport.

The lease,
 originally between Outdoor East and Miller, was for five years.  Lamar admits
 the lease was never recorded.  Further, possession of the property and Lamars
 use of name plates on the billboard did not qualify as actual notice under
 section 30-7-90.  Thus, Lil Cricket did not have notice of Lamars interest
 and accordingly, Lil Cricket could not intentionally invade Lamars interest.  
2. Exclusive Possession
Lamar
 argues the trial court erred in granting summary judgment to Lil Cricket for
 Lamars claim of trespass to real property because Lamar lacked exclusive
 possession of the property.  We disagree.
Exclusive
 possession is defined as the exercise of exclusive dominion over property,
 including the use and benefit of the property.  Blacks Law Dictionary 1184 (7th ed. 1999).  Section 27-35-140 of the South Carolina Code (2007)
 states, [f]ailure to pay the rent agreed upon when due, or a reasonable
 rent for use and occupation when demanded, shall terminate all tenancies for a
 term, for years, from month to month and at will and the tenant shall forthwith
 vacate the premises without notice.  We know of no reason, and Appellant cites
 none, why this statutory provision does not control the disposition of this
 case, particularly because the lease is silent on the consequences of a failure
 to pay rent. 
Appellant
 points to Kiriakides v. United Artists Communications, Inc., 312 S.C.
 271, 440 S.E.2d 364 (1994), and Litchfield Co. of South Carolina, Inc. v.
 Kiriakides, 290 S.C. 220, 349 S.E.2d 344 (Ct. App. 1986), to argue failure
 to pay rent does not automatically result in the termination of a lease.  However, Kiriakides prevents forfeiture by landlords for trivial breaches.  312
 S.C. at 275-76, 349 S.E.2d at 366.  This case is easily distinguishable because
 the complete failure to pay rent under the circumstances presented is not a
 trivial breach.  Litchfield is also distinguishable.  In Litchfield,
 the method of terminating the tenancy was clearly set forth by the lease.  290
 S.C. at 225-26, 349 S.E.2d at 347-48.  In the case before us, as previously
 noted, the lease does not contain a provision regarding the failure to pay
 rent.
The lease agreement requires payment of $700 annually.  Lamar
 admitted it did not make any rental payments to Lil Cricket.  Lil Cricket
 purchased the property on November 21, 1997.  The billboard was taken down
 around October 1, 1999.  Lamar argues only one rent payment was missed over the
 time period.  The evidence provided at trial, however, shows Lil Cricket owned
 the property for almost two years without receiving any payment from Lamar. 
 Therefore, Lamars breach of the lease agreement was material as a matter of
 law, and it surrendered its exclusive possession of the property.  Accordingly,
 Lil Cricket did not trespass on Lamars real property because Lamar did not
 have exclusive possession of the property.
B. Prior Opinion by Court of
 Appeals
Lamar
 argues the trial court erred in relying on an unpublished opinion of this court
 related to additional causes of action brought by Lamar against Lil Cricket
 arising from the same facts.  While there may be merit to this argument, we
 find that any error was harmless because the trial courts reliance on these
 statements was inconsequential. 
An
 error not shown to be prejudicial does not constitute grounds for reversal.  Brown
 v. Pearson, 326 S.C. 409, 417, 483 S.E.2d 477, 481 (Ct. App. 1997). 
 An error is not reversible unless it is material and prejudicial to the
 substantial rights of the appellant.  Visual Graphics Leasing Corp., Inc.
 v. Lucia, 311 S.C. 484, 489, 429 S.E.2d 839, 841 (Ct. App. 1993).  
In
 its order, the trial court stated:

 The
 record reflects that Lil Cricket had neither actual notice of the instrument
 itself nor of its nature and purport.  The Court of Appeals decision affirming
 summary judgment as to conversion provided: [W]hen Lil Cricket purchased the
 property, it lacked knowledge of the lease between Lamar and Al Miller.  At no
 time did Lil Cricket receive rent for the sign.  Lamar Adver. of Mobile,
 Inc. d/b/a Lamar Adver. of Columbia v. Lil Cricket LLC, Ct. App. Op.
 2003-UP-483.  The Court of Appeals further stated [t]he lease was never
 recorded.  Id.  Additionally, the deposition testimony of Al Miller,
 the owner of the property from whom Lil Cricket purchased the property and the
 person with whom Lamar had the alleged lease, shows Lil Cricket had no notice
 of the lease when it purchased the property.

Though the trial
 court did reference this courts prior unpublished opinion, the record
 otherwise provides an ample basis to support the finding that Lil Cricket
 lacked knowledge of the lease between Lamar and Al Miller.  Thus, any error was
 harmless error.
IV.
The
 entry of summary judgment in favor of Lil Cricket is 
AFFIRMED.
ANDERSON,
 KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR. 
[2] See Lamar Adver. v. Lil Cricket, LLC, Op. No. 2003-UP-483 (S.C. Ct. App. filed Aug. 20, 2003).