**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**
**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry Powers, Appellant,

v.

Rizan Properties, LLC, Anthony Pearson, and Tiesha Dash, Defendants,

Of which Rizan Properties, LLC is the Respondent.

Appellate Case No. 2021-000218

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2022-UP-440
Submitted November 17, 2022 – Filed December 7, 2022

**REVERSED AND REMANDED**

Mark Paget Fessler, of S.C. Legal Services, of Greenville, for Appellant.

Knox L. Haynsworth, III, of Brown Massey Evans McLeod & Haynsworth, LLC, of Greenville, for Respondent.

**PER CURIAM:** In this action to enforce an option to purchase residential real property, Jerry Powers appeals the grant of summary judgment to Rizan Properties,

LLC (Rizan), the grantor of the option, and the denial of his motion for summary judgment. The Master-in-Equity held the option was no longer in effect because Powers had breached a lease of the same property by failing to pay rent for over eleven months, vacating the premises, and surrendering the keys to the property to Rizan's agents. We reverse and remand.

1. We agree with the Master that the option and lease must be read together because the two documents were executed contemporaneously by the same parties and concerned the same subject matter. *See Dixon v. Dixon*, 362 S.C. 388, 396, 608 S.E.2d 849, 852-53 (2005) ("This [c]ourt has held that when multiple documents are executed contemporaneously in the course of and as part of the same transaction, the [c]ourt may consider and construe the instruments together in order to ascertain the intention of the parties and the terms of the agreement."). Furthermore, there was no evidence the parties intended the lease and option to be considered and construed separately. *See Café Assocs, Ltd.. v. Gerngross*, 305 S.C. 6, 10, 405 S.E.2d 162, 164 (1991) ("The general rule is that, in the absence of anything indicating a contrary intention, where instruments are executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, the Court will consider and construe them together.").

2. However, we hold Powers's option to purchase the subject property remained enforceable under the contract terms notwithstanding his alleged breach of the lease and his decision to vacate the property. *See McPherson v. J.E. Sirrine & Co.*, 206 S.C. 183, 204, 33 S.E.2d 501, 509 (1945) (stating the meaning of a clear and unequivocal contract is determined from the contents of the writing itself and no meaning can be given to the contract other than what is stated within the four corners of the instrument). Here, neither document indicated Powers's right to exercise his option to purchase the property was contingent on his compliance with the lease. Therefore, we hold the Master erred as a matter of law in denying Powers's motion for summary judgment and in granting summary judgment to Rizan. *See United Servs. Auto. Ass'n v. Pickens*, 434 S.C. 60, 64, 862 S.E.2d 442, 444 (2021) ("When parties file cross-motions for summary judgment, the issue is decided as a matter of law.").

3. We reject Rizan's argument that the principles of laches and estoppel are valid reasons to uphold the appealed order. Although Rizan raised these defenses in its pleadings and referenced them in its summary judgment motion, it did not cite any authority during the summary judgment proceedings or in its brief to this court to support its position that Powers was precluded by either laches or estoppel from exercising the option. Accordingly, we deemed these issues abandoned and

decline to consider them in deciding this appeal. *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal.").

**REVERSED AND REMANDED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.