1278

Demetrios J. STRATOS, Appellant v. The TOWN OF RAVENEL,
Respondent.

(376 S. E. (2d) 783)

Court of Appeals

*Demetrios J. Stratos,* Charleston, *pro se.*

*Bruce A. Berlinsky,* Charleston, *for respondent.*

Heard Dec. 13, 1988.

Decided Jan. 23, 1989.

CURETON, Judge:

Demetrios J. Stratos sought a writ of mandamus against the governing officials of the Town of Ravenel to compel them to issue a permit for a mobile home park on land

Stratos owned in Ravenel. The circuit court denied the petition. We affirm.

Stratos purchased land in the Town of Ravenel intending to construct a mobile home park. The record indicates other mobile home parks were present near his property. Stratos was aware Ravenel was considering the adoption of zoning ordinances and he attended several town council meetings where zoning was discussed. In August of 1985 Ravenel enacted a moratorium to prevent any subdivision or trailer park development while it considered the adoption of a zoning plan. This moratorium was extended several times over a two year period while the Town worked toward the adoption of zoning ordinances. Stratos apparently obtained adequate soil tests for septic tanks and a property survey for the mobile home park during the moratorium period. It is not clear if he formally applied to the Town for a permit during the moratorium period. The record indicates his property may not now meet the guidelines for a mobile home park as required by the zoning ordinances.

The trial court denied the petition for a writ of mandamus. The court held a municipality could impose a moratorium on development in order to proceed judiciously towards the adoption of a zoning ordinance, provided the moratorium was uniformly applied and did not extend for an unreasonable period of time.

In order to obtain a writ of mandamus requiring the performance of an act the applicant for the writ must show: (1) a duty of the respondent to perform the act; (2) the ministerial nature of the act; (3) the applicant's specific legal right for which the discharge of the duty is necessary; and (4) the lack of any other legal remedy. *Anderson County School District One v. Anderson County Board of Education,* 296 S. C. 260, 371 S. E. (2d) 807 (Ct. App. 1988).

In his exceptions, Stratos does not specifically challenge the right of the Town of Ravenel to impose a moratorium. Rather, he claims no notice was given to him and he was discriminated against by the action. The record does not support these contentions. Stratos does not contest notices of the moratorium were placed in public places such as the Post Office and school. Stratos cites no authority requiring personal notice of the proposed mor-

atorium. Also, the mayor testified a public notice was placed in the newspaper when the zoning ordinances were to be reviewed by Town Council. There is no evidence his property was the particular object of the zoning ordinance as he claims. The Mayor testified no permits were issued during the moratorium. More importantly, the record fails to establish the necessary elements for a writ of mandamus. We find no evidence in the record of a duty of the Town to issue the permit nor any evidence of the ministerial and nondiscretionary nature of the act. It is the duty of the appellant to furnish an adequate record for review. *Porter Bros. Inc. v. Specialty Welding Co.*, 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985); *Gold Kist, Inc. v. Citizens & Southern National Bank of South Carolina*, 286 S. C. 272, 333 S. E. (2d) 67 (Ct. App. 1985) (failure to proffer evidence prevents consideration on appeal).

We also note the record does not adequately demonstrate Stratos established a nonconforming use prior to the enactment of the zoning ordinances. It appears he merely had a contemplated use of the property. *See Friarsgate, Inc. v. Town of Irmo*, 290 S. C. 266, 349 S. E. (2d) 891 (Ct. App. 1986) (landowner has no right to insist that his property not be restricted by a zoning regulation absent a showing he has established a nonconforming use prior to the effective date of the regulation). The South Carolina Supreme Court has also approved the "pending ordinance doctrine" as a basis for a municipality to refuse to issue a building permit when such proposed use is repugnant to a pending and later enacted zoning ordinance. *Sherman v. Reavis*, 273 S. C. 542, 257 S. E. (2d) 735 (1979).

The decision of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.