Affirmed in part; dismissed in part; and reversed in part.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.

1989

Tessa S. SIMPKINS, Respondent v. The CITY OF GAFFNEY; Frank Guyton, Bill Blanton, Jimmy Martin, Madge Lipscomb, Ken Gallman, and Chad Sarratt, Individually and as the City Council of the City of Gaffney; and Ben Clary, Individually and as the City Administrator for the City of Gaffney, Appellants.

(431 S.E. (2d) 592)

Court of Appeals

*H. Fulton Ross, Jr.* of *Ross & McKown,* Gaffney and *Roy D. Bates,* Columbia, *for appellants.*

*Beverly A. Carroll* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *for respondent.*

Heard Mar. 15, 1993; Filed Apr. 5, 1993.

Refiled Apr. 29, 1993.

## ORDER ON PETITION FOR REHEARING

GOOLSBY, Judge:

The appellants have petitioned for a rehearing in the above-entitled action. The petition for rehearing is denied.

We, however, amend our opinion, which we filed on April 5, 1993, by deleting in its entirety the second paragraph under Part I. *See Williams v. Town of Hilton Head Island,* 429 S.E. (2d) 802 (S.C. 1993). A copy of our opinion as amended is attached.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.

GOOLSBY, Judge:

The City of Gaffney, the members of its city council, and its city administrator appeal the decision of a special referee that ordered Gaffney to issue a permit to Tessa S. Simpkins to allow her to construct a duplex on her property. They also appeal the award of attorney fees to Simpkins. We affirm.

Simpkins owns two contiguous lots in Gaffney. In 1989, a single-family dwelling occupied one lot. The other stood empty. Simpkins desired to build three duplexes on the two

lots, one behind the existing house and two on the empty lot. Gaffney issued Simpkins a permit in May, 1989 to build two of the duplexes on the vacant lot after Simpkins received financing to construct only two of the duplexes. Simpkins completed construction of the two duplexes in September, 1989.

After Simpkins began construction of her two duplexes, a group of citizens petitioned Gaffney's Planning and Zoning Commission to amend Gaffney's zoning ordinance so as to prohibit multifamily dwellings within a large portion of the city limits. In September 1989, Gaffney published a notice that it had received a petition to rezone several blocks within the city, including Simpkins' property, from R-8 (duplex) to R-10 (single-family residential) classification. Pursuant to the existing zoning ordinance, a public hearing was held at the next meeting of the commission. The commission deadlocked 2-2 on the rezoning issue.

The commission forwarded its report to the city council. The latter unanimously passed a motion on October 10, 1989 that prohibited any zoning changes being made until after the completion of a land-use survey then underway and that placed a citywide moratorium on the construction of duplexes and multifamily dwellings and the issuance of building permits for any construction of that kind. The land-use survey referenced by the moratorium had no prescribed completion date.

On December 5, 1989, Simpkins applied for and was denied a building permit to construct the third duplex.

This action followed.

## I.

The challenge to the referee's order requiring Gaffney to issue Simpkins a permit to construct the third duplex on her property relies on the validity of the moratorium that prohibited issuance of permits for multifamily housing and effectively suspended an existing and valid zoning ordinance allowing for their construction. We deem the moratorium here invalid.

South Carolina's legislature granted municipal corporations in this state the power to regulate buildings and structures within their municipal limits when, in enacting section 5-23-10 of the Code of Laws of South Carolina (1976), it authorized

them to enact zoning ordinances. *See Bob Jones Univ., Inc. v. City of Greenville*, 243 S.C. 351, 133 S.E. (2d) 843 (1963) (what is now section 5-23-10 authorizes the zoning of property within a municipality).

Although section 5-23-40 grants to each municipal corporation the power to provide for the manner in which zoning regulations "shall be determined, established and enforced and from time to time amended, supplemented or changed," and section 5-23-50 authorizes zoning regulations "from time to time [to] be amended, supplemented, changed, modified, or repealed," nothing in these two sections or in any other statute grants a municipal corporation the power to suspend an ordinance.

Likewise, nothing in section 5-23-40, section 5-23-50, or any other statute supplies authority for a municipal corporation to suspend an ordinance by merely passing a motion creating a moratorium. Indeed, our Supreme Court has held municipal ordinances cannot ordinarily be amended or repealed by a mere resolution. Instead, a new ordinance must be passed. *Lominick v. City of Aiken*, 244 S.C. 32, 135 S.E. (2d) 305 (1964).

Here, the city council did not enact a new ordinance to amend, supplement, change, modify, or repeal the existing ordinance. Rather, the city council simply deferred for an unspecified length of time any additional permits for the construction of duplexes and multifamily housing units by passing a motion that called for a moratorium on their construction.

We hold the moratorium passed by the city council on the issuance of permits under the existing ordinance is invalid. First, the city council did not possess the power to suspend the ordinance temporarily. Second, to suspend operation of the existing zoning ordinance regulating the construction of duplexes and multifamily dwellings, the ordinance must be either repealed or succeeded by another ordinance or an instrument of equal dignity. *Bittinger v. Corporation of Bolivar*, 183 W. Va. 310, 395 S.E. (2d) 554 (1990); *see Matthews v. Board of Zoning Appeals*, 218 Va. 270, 237 S.E. (2d) 128, 133 (1977) (viewing a prior case as holding that "in the absence of express or implied authority under the enabling subdivision or zoning statutes an ordinance imposing a temporary moratorium on the filing of site plans and prelimi-

nary subdivision plats pending completion of a new comprehensive plan and zoning ordinance [is] void.").

The city and its officials incorrectly rely upon *Stratos v. Town of Ravenel*, 297 S.C. 309, 376 S.E. (2d) 783 (Ct. App. 1989), for the proposition that a municipality can impose a moratorium on development provided the moratorium is uniformly applied and does not extend for an unreasonable period of time. To the contrary, *Stratos* clearly noted that the right of the town of Ravenel to impose a moratorium had not been challenged on appeal. *Id.* at 310, 376 S.E. (2d) at 784.

## II.

The city and its officials challenge the referee's award of attorney fees to Simpkins as the prevailing party pursuant to section 15-77-300 Code of Laws of South Carolina (Supp. 1992). They contend they acted with substantial justification in denying a permit to Simpkins based on the moratorium. We disagree.

The city clearly lacked substantial justification in denying Simpkins a permit to construct her third duplex. The city had no authority to suspend the operation of the zoning ordinance as it related to the issuance of permits for the construction of duplexes and multifamily dwellings and it had no authority to put a moratorium in place by merely passing a motion to that effect.

Affirmed.

CURETON, J., and LITTLEJOHN, Acting Judge, concur.