595 S.E.2d 468

**SOUTHEAST RESOURCE RECOVERY, INC., Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Involved Citizens of the Helena Community, Rev. Nura Ray Matthews, Chairman, Little Beaver Dam Baptist Church, John L. Hunter, Paul Herbert, Eugene Maybin, Jr., John and Jessie Reeder, Lillie May Washington, William W. Parr, Sr., Eliza M. Parr and Bill Parr, Jr., Respondents.**

No. 25806.

Supreme Court of South Carolina.

Heard March 16, 2004.

Decided April 19, 2004.

Rehearing Denied May 14, 2004.

W. Thomas Lavender, Jr., of Nexsen, Pruet, Jacobs, & Pollard, of Columbia, for appellant.

Samuel Leon Finklea, of South Carolina Department of Health and Environmental Control; and Robert Guild, both of Columbia, for respondents.

PER CURIAM:

This appeal concerns an industrial solid waste permit sought by Appellant, Southeast Resource Recovery, Inc. (SRRI). Respondent, South Carolina Department of Health and Environmental Control (DHEC), initially issued and later withdrew Solid Waste Landfill Permit No. 362624–1601 (the "permit"), thereby preventing SRRI's construction and operation of an industrial waste landfill in the Helena Community of Newberry County. The Involved Citizens of the Helena Community and others (Citizens), are also respondents in this proceeding.

## FACTS

Before SRRI applied for an industrial waste landfill permit, SRRI submitted a written request to the Newberry County Council for a determination the proposed landfill was consistent with the Newberry County Solid Waste Management

Plan (the Plan). Pursuant to S.C.Code Ann. § 44–96–290(F) (2002),[1] an applicant's proposed facility must be consistent with local land use ordinances. On August 17, 1995, the Newberry County Council determined that the proposed landfill was consistent with the Plan and issued a letter of consistency (LOC) to SRRI.

After receiving the LOC, SRRI began planning its proposed facility. During September and October 1995, SRRI performed a hydrogeologic characterization of the site at DHEC's request. In December 1995, SRRI submitted its permit application to DHEC's Bureau of Solid and Hazardous Waste. In 1996, SRRI conducted a wetlands delineation and in September of that year SRRI received a letter authorizing fill of the wetland. In June 1997, SRRI undertook another wetlands delineation after the U.S. Army Corps of Engineers changed the threshold for issuance of a permit to fill the wetlands. As a result of the 1997 delineation, SRRI decided to eliminate the portion of the landfill that would occupy wetland areas and voluntarily established a 200–foot buffer around the wetland.

During the 1997 legislative session, the General Assembly enacted Act No. 100, 1997 S.C. Acts 487 (Act 100), which prevents a commercial industrial solid waste landfill from being constructed within 1,000 feet of a residence. Act 100 does not define "residence."

Following the enactment of Act 100, Bill and Eliza Parr, named respondents in this action, placed a mobile home on their property, which is adjacent to SRRI's landfill site. SRRI redesigned the landfill to establish the 1,000–foot buffer from the mobile home prior to making a final permit decision.

After conducting a thorough analysis of the facility, DHEC issued the permit on September 5, 1997. DHEC applied the requirements of 25 S.C.Code Ann. Reg. 61–66 (1976) relating to Industrial Waste Landfills. One day prior to DHEC issuing SRRI its permit, a recreational camper was moved onto another area of the Parr property. DHEC did not require SRRI provide a 1,000–foot buffer from the camper.

---

1. This section was formerly § 44–96–290(G) and was redesignated as § 44–96–290(F) with the 2000 amendment.

Citizens requested a contested case hearing to challenge the issuance of the permit. SRRI also appealed DHEC's requirement that SRRI establish a 1,000-foot buffer to the mobile home. After the conclusion of the hearing, but before the issuance of a written order by the Administrative Law Judge (ALJ), the Newberry County Council revoked its LOC. In June 1998, DHEC and Citizens filed separate motions requesting the ALJ re-open the record to consider additional evidence on the County's revocation. By order dated January 4, 1999, the ALJ concluded the revocation of the LOC precluded issuance of the permit.

SRRI sought review of the ALJ order and the Board of the South Carolina Department of Health and Environmental Control affirmed the ALJ decision in its order dated June 29, 1999. SRRI petitioned for judicial review of the Board's order. The circuit court upheld the ALJ decision, but modified the holdings. The court concluded (1) Act 100 did not apply to a recreational camper placed on the property and (2) the provision of the Newberry County Solid Waste Management Act relied upon by the ALJ did not support the finding. However, the court concluded Section 10.2 of the Plan supported the ALJ's finding. On appeal, SRRI requests this Court hold the permit be issued and effective.

## ISSUES

I.  Did the circuit court err in holding that the revocation of the consistency determination compelled denial of the permit?

II.  Did the circuit court properly conclude the proposed facility is inconsistent with Newberry County's plan?

## ANALYSIS

In environmental permitting cases, the ALJ presides as the finder of fact. S.C.Code Ann. § 1-23-600(B) (Supp. 2003). The Board, on the other hand, sits as a quasi-judicial tribunal in reviewing the final decision of the ALJ. S.C.Code Ann. § 1-23-610(A) (Supp.2003). As the reviewing tribunal,

the Board is not entitled to make findings of fact. *Id.* The Board's findings are based on the ALJ's findings.[2]

■ On appeal, the ALJ's findings must be affirmed if they are supported by substantial evidence in the record. Substantial evidence is "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Lark v. Bi–Lo,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). A reviewing court may reverse or modify the decision of any agency if substantial rights of the appellant have been prejudiced because the findings or decisions of the agency are:

    (a) in violation of the constitutional or statutory provisions;

    (b) in excess of the statutory authority of the agency;

    (c) made upon unlawful procedure;

    (d) affected by other error of law;

    (e) clearly erroneous in view of the reliable probative and substantial evidence on the whole record; or

    (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–610(D) (Supp.2003).

We reverse the decision of the circuit court because substantial rights of SRRI have been prejudiced. The finding of the circuit court the revocation of the consistency determination compelled denial of the permit is affected by error of law.

## I.

The South Carolina Solid Waste Policy and Management Act, S.C.Code Ann. § 44–96–10, *et seq.* (2002) (the SWPMA), requires a person obtain a permit from DHEC before operating a solid waste management facility. S.C.Code Ann. § 44–96–290(A). Permits are issued based upon local need for the requested facility and the consistency of the proposed facility with local ordinances. S.C.Code Ann. § 44–96–290(E). DHEC cannot issue a permit unless the proposed facility is consistent with "local zoning, land use, and other applicable

---

2. *Marlboro Park Hosp. v. South Carolina Dep't of Health and Envtl. Control,* Op. No. 3774 (S.C. Ct.App. filed April 12, 2004) (Shearouse Adv. Sh. No. —— at ——).

ordinances." The SWPMA does not specify procedures for DHEC to follow in making need and consistency determinations.

■ DHEC's practice has been to delegate to the counties the authority to determine consistency through the counties' issuance of LOCs. We conclude this delegation of authority is impermissible. S.C.Code Ann. § 44–96–290(F) does not give a county veto authority over decisions made by DHEC. There is no statutory authority providing a county's consistency determination is determinative of the ultimate permitting decision. Although Section 44–96–290(F) requires a proposed facility comply with local standards, it does not designate the county as the final arbiter on whether the proposed facility complies with its local zoning, land use, and other ordinances.

■ In this case, DHEC withdrew its initial decision to issue the permit in error because it based its decision solely on Newberry County's withdrawal of the LOC. The SWPMA authorizes DHEC to "issue, deny, revoke or modify permits, registrations, or orders under such conditions as the department may prescribe ... for the operation of solid waste management facilities." S.C.Code Ann. § 44–96–260(2) (2002). DHEC, not the county, is charged with ensuring such facilities meet the requirements for permitting.

## II.

■ Under the facts of this case, there is no basis for concluding the proposed landfill is inconsistent with the Newberry County Solid Waste Management Plan. The ALJ relied on Section 4.1.3 of the Plan. Section 4.1.3 of the plan "Industrial Collection" provides:

In Newberry County, industries are responsible for their own solid waste collection and disposal. There are several private haulers operating in the County under separate contracts with different industries. This stream of solid waste is completely outside the operation, direct knowledge or control of Newberry County.

We agree with the circuit court that Section 4.1.3 of the Plan refers only to private haulers who are operating in the County under contracts with different industries. Therefore, this

provision has no application to the prohibition of the establishment of an industrial waste landfill.

Instead of relying on Section 4.1.3 of the Plan, the circuit court relied on Section 10.2 in finding the proposed facility inconsistent with the Plan.[3] Section 10.2 discusses the goals associated with Newberry County's solid waste disposal. Section 10.2 states, in relevant part, that one of the goals is to "preserve, protect, and enhance the environmental quality of Newberry County." This broad, general statement of goals cannot serve as a basis for concluding the proposed facility is inconsistent with Newberry County's plan. To hold otherwise would invite a reviewing court to conclude, on an arbitrary and capricious basis, any proposed landfill facility falls within the ambit of such general language. Therefore, the circuit court erred in relying on Section 10.2 in holding the proposed facility inconsistent with the Plan.

■ Having determined the facility is not inconsistent with Newberry County's SWPMA, we conclude the permit should be issued and effective. Before issuing the initial permit in September 1997, DHEC experts determined the facility met all regulatory requirements based on a meticulous study of SRRI's proposed facility. DHEC properly applied the requirements of 25 S.C.Code Ann. Reg. 61–66 (1976) relating to Industrial Waste Landfills. A public hearing concerning the proposed facility was conducted in March 1997. DHEC received comments both during and after the hearing. These comments were addressed by DHEC in a document entitled "Responsiveness Summary." DHEC made specific findings including, but not limited to, groundwater protection, excavation procedures, and the design of disposal cells as related to the SRRI facility. Based on DHEC's thorough analysis of the proposed facility, they concluded, and we agree, the facility is not inconsistent with the County SWPMA or DHEC's regulatory requirements.

Our resolution of this matter makes unnecessary a consideration of the remaining issues presented by SRRI. The permit

---

3. Section 10.2 of the Plan appears only once in the Record. In a letter from the Newberry County attorney to the County Administrator, the County's attorney indicated the proposed landfill would violate Section 10.2.

complies with Act 100 in that it imposes a 1,000–foot setback from the mobile home.

Because DHEC's revocation of the permit was based solely on Newberry County's withdrawal of its LOC and the proposed facility is not inconsistent with the Newberry County Plan, we reverse and order the permit issued and effective.

**REVERSED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.