723 S.E.2d 255

**YORK COUNTY, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and C & D Management Company, LLC, Respondents.**

**No. 4940.**

Court of Appeals of South Carolina.

Heard May 4, 2011.

Decided Feb. 8, 2012.

Rehearing Denied March 29, 2012.

Amy E. Armstrong and James S. Chandler, Jr., both of Pawleys Island, for Appellant.

Susan A. Lake, of Columbia, for Respondent South Carolina Department of Health and Environmental Control.

W. Thomas Lavender, Jr., and Joan W. Hartley, both of Columbia, and Leon C. Harmon, of Greenville, for Respondent C & D Management Company, LLC.

FEW, C.J.

The South Carolina Department of Health and Environmental Control (DHEC) issued C & D Management Company a permit for a construction, demolition, and land-clearing debris landfill in York County. The County challenged that decision before the Administrative Law Court (ALC), which ruled in favor of C & D Management. The County appeals the ALC's judgment, arguing DHEC impermissibly ignored a County ordinance purporting to impose a moratorium on the construction of any new landfills. We affirm.

## I.  Facts and Procedural History

The South Carolina Solid Waste Policy and Management Act provides that each county must adopt a solid waste management plan. S.C.Code Ann. § 44–96–80 (2002). Before DHEC may issue any permit for the construction and operation of a landfill in a particular county, DHEC must determine that the proposed landfill is consistent with the county's solid

waste management plan and other applicable local ordinances. S.C.Code Ann. § 44–96–290(F) (2002).

In August 2005, C & D Management submitted an application to DHEC for a permit for the landfill. At that time, York County managed its solid waste using the 1994 Catawba Regional Solid Waste Management Plan (1994 Plan). In September 2005, DHEC issued a letter to C & D Management stating it made a determination that the landfill was consistent with the 1994 Plan.

While DHEC continued to process C & D Management's application over the next year, the County moved towards adopting a new solid waste management plan. On January 9, 2007, York County Council passed what it called an "emergency ordinance," which stated "all proposed landfills and landfill expansions not yet permitted by DHEC are declared inconsistent with the 1994 Plan." The emergency ordinance described the declaration as a "moratorium" that would give the County more time to complete and adopt a new plan.

Initially, DHEC believed the emergency ordinance prevented it from issuing C & D Management a permit for the landfill. However, DHEC ultimately determined the emergency ordinance did not affect its determination that the proposed landfill was consistent with the 1994 Plan. On February 22, 2007, it issued C & D Management a permit.

The County asked the South Carolina Board of Health and Environmental Control to review DHEC's decision to issue the permit. The Board declined, and the County requested a contested case hearing before the ALC.

The ALC affirmed DHEC's decision to issue the permit. With regard to the emergency ordinance, the ALC determined that under *Southeast Resource Recovery, Inc. v. South Carolina Department of Health & Environmental Control*, 358 S.C. 402, 595 S.E.2d 468 (2004) (per curiam), DHEC could not defer to the County's declaration of inconsistency, as doing so would amount to an improper delegation of DHEC's exclusive authority over permitting decisions for solid waste management facilities. The ALC therefore concluded DHEC properly disregarded the emergency ordinance in making its permitting decision.

## II. Effect of the Emergency Ordinance

We agree DHEC properly disregarded the emergency ordinance. Our supreme court has made clear that DHEC alone has the authority to make consistency determinations. In *Southeast Resource Recovery,* the court held DHEC may not delegate that authority to counties. 358 S.C. at 408, 595 S.E.2d at 471. Prior to the court's decision in that case, DHEC's practice was to leave consistency determinations to county governments, which issued their determinations in the form of letters of consistency. *Id.* The court held the practice was impermissible, stating:

> There is no statutory authority providing a county's consistency determination is determinative of the ultimate permitting decision. Although Section 44–96–290(F) requires a proposed facility comply with local standards, it does not designate the county as the final arbiter on whether the proposed facility complies with its local zoning, land use, and other ordinances.
>
> ... DHEC, not the county, is charged with ensuring [solid waste management] facilities meet the requirements for permitting.

*Id.; see also Sandlands C & D, LLC v. Cnty. of Horry,* 394 S.C. 451, 463, 716 S.E.2d 280, 286 (2011) (stating "there is no doubt the express language of the [Solid Waste Policy and Management Act] provides for DHEC's exclusive authority in the area of permitting" (emphasis in original omitted)).

We view the emergency ordinance as an effort by the County to control DHEC's permitting decision. The only effect the emergency ordinance purports to have is to impose a "moratorium" on new and expanded landfills in York County. The section entitled "Scope of Moratorium" states in its entirety: "During the time that the emergency moratorium is in effect, all proposed landfills and landfill expansions not yet permitted by DHEC are declared inconsistent with the 1994 Plan." No other language in the emergency ordinance explains the scope or the effect of the moratorium. Therefore, by its own terms, the emergency ordinance merely makes a blanket determination that all new landfills are inconsistent with the 1994 Plan.

Looking past the emergency ordinance's "moratorium" label and focusing instead on its content and actual effect, we find no meaningful distinction between the emergency ordinance and the letters of consistency that *Southeast Resource Recovery* prohibits DHEC from following. In both situations, a county makes a consistency determination regarding a proposed landfill—a power only DHEC may exercise. The only difference here is that instead of DHEC willingly delegating its authority to local government, as it did in *Southeast Resource Recovery,* local government has attempted to usurp that authority. Because DHEC could not follow the emergency ordinance without delegating its authority in violation of *Southeast Resource Recovery,* DHEC was required to disregard it.

The County argues it had the authority to enact the emergency ordinance, and because subsection 44–96–290(F) requires DHEC to consider "applicable local ordinances" when it makes a consistency determination, DHEC was required to consider whether the proposed landfill was consistent with the emergency ordinance. We disagree. Subsection 44–96–80(K), on which the County relies for its authority, prohibits a county from enacting an ordinance that is inconsistent with state law. As *Southeast Resource Recovery* explains, it is inconsistent with state law for DHEC to follow a county's consistency determination. See 358 S.C. at 408, 595 S.E.2d at 471. In this respect, the emergency ordinance is not consistent with state law, and is therefore not "applicable" under subsection 44–96–290(F). DHEC properly disregarded the emergency ordinance.

### III. Other Issues

The remaining issues the County raises relate to factual determinations. As to those issues, we affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C.Code Ann. § 1–23–610(B) (Supp.2010) (providing this court may reverse a decision of the ALC that is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Risher v. S.C. Dep't of Health & Envtl. Control,* 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) (stating a factual decision of the ALC should be upheld if it is supported by substantial evidence in the record).

The judgment of the Administrative Law Court is **AFFIRMED.**

PIEPER, J., concurs.

LOCKEMY, J., dissents in a separate opinion.

LOCKEMY, J. dissenting.

I respectfully dissent. Although I agree with the majority decision to affirm the other issues, I would reverse the ALC's determination that the proposed landfill was consistent with the 1994 Plan, and revoke C & D's permit for the proposed landfill based on the County Council's enactment of the emergency ordinance.

The ALC determined the County Council enacted the emergency ordinance in an attempt to affect DHEC's permitting decision, and therefore, it was impermissible under *Southeast Resource Recovery*. The ALC also found, under *Simpkins v. City of Gaffney*, 315 S.C. 26, 431 S.E.2d 592 (Ct.App.1993), that the County Council lacked the authority to enact an ordinance imposing a moratorium on DHEC's permitting authority. According to the ALC, the emergency ordinance was an attempt by the County Council to affect DHEC's permitting decisions, and therefore, it was inconsistent with sections 44–96–260(2) and 44–96–290(A) of the Solid Waste Act, which give DHEC the exclusive authority to issue permits for the construction of solid waste management facilities. I disagree.

I would find the ALC erred in determining the emergency ordinance was inconsistent with the Solid Waste Act. Pursuant to section 44–96–80(K),

[t]he governing body of a county is authorized to enact such ordinances as may be necessary to carry out its responsibilities under this chapter; provided, however, that the governing body of a county may not enact an ordinance inconsistent with the state solid waste management plan, with any provision of this chapter, with any other applicable provision of state law, or with any regulation promulgated by the department providing for the protection of public health and safety or for protection of the environment.

S.C.Code Ann. § 44–96–80(K) (2002). While DHEC has the sole authority to issue landfill permits and make consistency determinations, the governing body of each county has the authority, pursuant to section 44–96–80(A), to determine the content of the county's solid waste management plan. In addition, counties have the authority to enact ordinances to carry out their responsibilities under their plans. Here, the County Council adopted the emergency ordinance to preserve the status quo while it reviewed and modified its solid waste plan. The County began efforts to revise its solid waste management plan in 2003. In August 2006, the County Council gave first reading to Ordinance 207 which authorized the County to withdraw from the 1994 Plan and adopt a new County solid waste management plan. Thereafter, in October 2006, the County Council gave second reading to Ordinance 207. On January 8, 2007, the County Council adopted the emergency ordinance. On January 30, 2007, DHEC notified C & D it was holding C & D's landfill permit in abeyance while it considered the effect and validity of the emergency ordinance. Thereafter, on February 22, 2007, DHEC determined the emergency ordinance did not amend the 1994 Plan and issued C & D a permit for the proposed landfill. On February 28, 2007, the County Council gave third reading and adopted Ordinance 207 which created a separate York County Solid Waste Management Plan.

The emergency ordinance stated that "an imminent peril to the public health, safety, welfare and property rights require[d] the adoption of an emergency ordinance and moratorium." The emergency ordinance further provided that its adoption was necessary to give the County sufficient time to study and review issues concerning the impact of unprecedented growth and development, and to evaluate the need for additional waste disposal sites. I would find the County Council acted within its authority under section 44–96–80(K) in enacting the emergency ordinance. See *Sandlands*, 394 S.C. at 463–64, 716 S.E.2d at 286 (holding neither the Solid Waste Act nor the DON Regulation contain express provisions prohibiting county regulation of the flow of waste) (citing S.C.Code Ann. § 44–96–80(A), (J), (K); S.C.Code Ann. § 44–96–290(F) (Supp.2010) ("[N]o permit to construct a new solid waste management facility or to expand an existing solid

waste management facility within a county or municipality may be issued by the department unless the proposed facility or expansion is consistent with local zoning, land use, and *other applicable local ordinances, if any[.]")* (emphasis added); S.C.Code Ann. Regs. § 61–107.B.5.c (Supp.2010) (requiring consistency determinations account for any local ordinances)).

I would also find neither *Southeast Resource Recovery* nor *Simpkins* are applicable in this case. In *Southeast Resource Recovery,* our supreme court found DHEC's practice of delegating to the counties the authority to determine consistency through the counties' issuance of letters of consistency was impermissible. 358 S.C. at 408, 595 S.E.2d at 471. The court determined that although section 44–96–290(F) "requires a proposed facility comply with local standards, it does not designate the county as the final arbiter on whether the proposed facility complies with its local zoning, land use, and other ordinances." *Id. Southeast Resource Recovery* is not applicable to this case because the emergency ordinance is not a consistency determination. The emergency ordinance was adopted by the County Council to carry out the County's solid waste plan as authorized by section 44–96–80(K).

I would also find the ALC erred in relying on *Simpkins* in determining the County Council lacked the authority to impose a moratorium on DHEC's permitting decisions. In *Simpkins,* this court found a city council did not have the authority to put a moratorium in place by merely passing a motion to that effect. 315 S.C. at 29, 431 S.E.2d at 594. The *Simpkins* court found neither sections 5–23–40 and 5–23–50, which grant municipal corporations the authority to provide for the manner in which zoning regulations are established and amended, nor any other statute supplies authority for a municipal corporation to suspend an ordinance by merely passing a motion creating a moratorium. *Id.* The court noted our supreme court has held municipal ordinances cannot ordinarily be amended or repealed by a mere resolution, and instead, a new ordinance must be passed. *Id.* Here, unlike in *Simpkins,* the County Council enacted a new ordinance to modify and amend the 1994 Plan, and did not merely pass a motion that called for a moratorium.

Finally, the effect of the majority decision permits an agency of this state to ignore legislation adopted and duly passed by representatives of the people of a local government. The emergency ordinance was neither a consistency determination nor a motion, but was an ordinance duly adopted by the required *super majority vote* of the County Council members present pursuant to section 4–9–130 of the South Carolina Code of Laws (1986). If there was concern about the legality or constitutionality of the legislation, then a challenge, including injunctive relief, should have been instituted in circuit court. The County Council complied with the long legal process to adopt a new solid waste management plan. It was only after the County was at the precipice of this process that the emergency ordinance was adopted, not as a consistency determination, but to preserve the status quo while the new plan was completed. Indeed, DHEC took no action for three weeks after its adoption and then decided to suspend the permitting process for another three weeks. Six weeks was more than enough time to seek temporary and immediate injunctive relief from a judicial body if there was a question about the effect and validity of the duly adopted legislation. Instead, on the virtual eve of third reading and with time running out before the effective date of the new solid waste management plan, DHEC chose to issue the permit just ahead of the pending legislation.

Even assuming my colleagues are correct, in hindsight, that "DHEC properly disregarded the emergency ordinance," are we to permit an agency of the executive branch of government to just disregard such laws of a legislative body on its own determination prior to any judicial review? If agencies are permitted to unilaterally decide to ignore county legislation prior to judicial review can they also do so for state legislation they deem improperly passed? Just to say that the emergency ordinance was reviewed by this court and eventually found to be improper overlooks the effect had no appeal been taken from the ALC determination. There are many small municipalities in South Carolina that are too financially strained to challenge big state agencies wielding executive, legislative, and judicial power.

Accordingly, I would find the ALC erred in determining the emergency ordinance was inconsistent with the Solid Waste

Act. I would reverse the ALC's determination that the proposed landfill was consistent with the County's solid waste management plan and revoke C & D's permit for the proposed landfill.