23538

CAPTAIN'S QUARTERS MOTOR INN, INC., and Tropical Winds, Inc., Respondents v. SOUTH CAROLINA COASTAL COUNCIL and The City of Myrtle Beach, Defendants, of whom: South Carolina Coastal Council is Appellant.

(413 S.E. (2d) 13)

Supreme Court

*C.C. Harness,* Charleston, *for appellant.*

*E. Windell McCrackin,* Myrtle Beach, *for defendants.*

*John P. Henry*, Conway, *for respondents.*

Heard Oct. 7, 1991; Decided Dec. 16, 1991.

Reh. Den. Feb. 4, 1992.

GREGORY, Chief Justice:

This dispute arises from appellant Coastal Council's interpretation of S.C. Code Ann. § 48-39-290(C) codifying the 1988 Beachfront Management Act, 1988 S.C. Act No. 634, § 3.[1] This statute allows a seawall located seaward of the setback line to be rebuilt at its original location after being damaged by a natural disaster only if it is determined to be "less than fifty percent damaged." Coastal Council determined respondents' seawalls were more than fifty percent damaged under its damage assessment criteria and refused permits to rebuild at the original locations. The trial court rejected Coastal Council's test for damage assessment and found respondents were entitled to rebuild. We affirm.

In the wake of Hurricane Hugo, which struck this State's coastline on September 21, 1989, Coastal Council developed a test to determine whether a seawall was less than fifty percent damaged as required by § 48-39-290(C). Under this test, only the above-grade portion of the shore-parallel wall, excluding the perpendicular wing walls and underground foundation, would be considered for damage assessment. The trial court concluded Coastal Council's interpretation of § 48-39-290(C) was invalid because: (1) the statute itself was clear and unambiguous; (2) Coastal Council's interpretation was arbitrary and capricious; and (3) Coastal Council's interpretation was not promulgated as a regulation.

Coastal Council offers several reasons to justify its damage assessment test. First, the legislature has made specific findings that the use of hard erosion control devices such as seawalls has increased the vulnerability of beachfront property and has contributed to the loss of the dry sand beach. 1988 S.C. Act No. 634, § 1(5). The legislature has also expressly recognized a policy to severely restrict the use of such hard erosion control devices and encourage their replacement with new erosion inhibiting techniques. 1988 S.C. Act No. 634, § 2(3).

[1] The subsequent amendments to the Act effective June 25, 1990, are not applicable here. 1990 S.C. Act. No. 607.

Coastal Council asserts the inclusion of wing walls in damage assessment contravenes this legislative mandate because: (1) wing walls rarely suffer storm damage and their inclusion would result in retaining many more seawalls; (2) the seawalls extending the farthest onto the beach often have the longest wing walls rendering them the least likely to be removed although they are the most damaging to the beach; (3) wing walls are often used as property boundaries and may run all the way to the street making questionable how much of a wing wall is actually part of the seawall.

Similarly, Coastal Council contends inclusion of the seawall foundation for damage assessment would result in inability to remove seawalls since typically the foundation represents two-thirds of the total seawall structure which would never be destroyed.

The trial court's finding the statute is unambiguous is refuted by the variety of expert opinions elicited at trial concerning what should be included for damage assessment of a seawall. Moreover, we find Coastal Council's construction of the statute reasonable and find no compelling reason to overrule it. *See Jasper County Tax Assessor v. Westvaco Corp.,* — S.C. —, 409 S.E. (2d) 333 (1991); *Dunton v. South Carolina Bd. of Examiners in Optometry,* 291 S.C. 221, 353 S.E. (2d) 132 (1987) (construction of a statute by an agency charged with its administration will be accorded most respectful consideration and will not be overruled absent compelling reasons). We are constrained, however, to find Coastal Council's damage assessment test invalid for purposes of permit evaluation because it was never promulgated by regulation.

As a creature of statute, a regulatory body is possessed of only those powers expressly conferred or necessarily implied for it to effectively fulfill the duties with which it is charged. *City of Rock Hill v. South Carolina Department of Health and Environmental Control,* 302 S.C. 161, 394 S.E. (2d) 327 (1990); *City of Columbia v. South Carolina Department of Health and Environmental Control,* 292 S.C. 199, 355 S.E. (2d) 536 (1987). By statute, Coastal Council must promulgate regulations for evaluating permit applications:

(B) Within sixty days of July 1, 1977, the Council shall publish and make available the interim rules and regulations it will follow in evaluating permit applications. *These in-*

*terim rules and regulations shall be used in evaluating and granting or denying all permit applications until such time as the final rules and regulations are adopted. . . . The Council shall . . . publish final rules and regulations.* (Emphasis added.)

S.C. Code Ann. § 48-39-130(B) (1987).

Thus, the legislature has expressly mandated Coastal Council promulgate regulations to govern the evaluation of permit applications. Coastal Council's damage assessment test has been critical to the evaluation of permit applications to rebuild seawalls. We hold Coastal Council overstepped its statutory authority in formulating and applying this test for purposes of permit evaluations without formalizing it by regulation. *See Charleston Television, Inc. v. South Carolina Budget and Control Bd.*, 301 S.C. 468, 392 S.E. (2d) 671 (1990) (failure to promulgate regulations for competitive bidding as mandated by statute rendered agency's lease approval invalid).

Accordingly, the judgment of the trial court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.