610 S.E.2d 482

S.C. COASTAL CONSERVATION LEAGUE, Coastal Conservation Association—South Carolina, Beth Keyserling–Kramer, Frank DeMarco, Karen DeMarco, Joseph Mueller, Mary Mueller, Vicky Snowden, John Snowden, Janice Maize, John Maize, Kerry Solomon, Cindi Solomon, Julie Gautreaux, Wilson Gautreaux, and Gerald Hazin, Respondents,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Office of Ocean and Coastal Resource Management, and LandTech of Charleston, L.L.C., Appellants.

No. 25944.

Supreme Court of South Carolina.

Heard Oct. 20, 2004.

Decided Feb. 22, 2005.

Rehearing Denied April 7, 2005.

68

Leslie West Stidham, of Charleston, for Appellant South Carolina Department of Health and Environmental Control, Office of Ocean and Coastal Resource Management; Ellison D. Smith, IV, of Smith, Bundy, Bybee & Barnett, of Mt. Pleasant, and James B. Richardson, of Richardson & Birdsong, of Columbia, for Appellant LandTech of Charleston, L.L.C.

G. Trenholm Walker and Amanda Rajsich Maybank, both of Pratt–Thomas, Epting & Walker, PA, of Charleston, for Respondents.

Neil C. Robinson, Jr. and Paul A. Dominick, both of Nexsen Pruet Adams Kleemeier, LLC, of Charleston, for Amicus Curiae South Carolina Tourism Council, Inc.

Justice PLEICONES:

This case involves a permit to build a concrete bridge for vehicular traffic over "critical area" as defined in South Carolina Code section 48–39–10(J).[1] The South Carolina Department of Health and Environmental Control, Office of Ocean and Coastal Resource Management (OCRM) granted the permit. After a contested hearing, the Administrative Law Judge Division (ALJD) upheld the grant. On appeal the Coastal Zone Management Appellate Panel of OCRM (the Panel) affirmed. The circuit court reversed and vacated the permit. We certified the case for review under Rule 204(b), SCACR. We reverse the circuit court's decision and reinstate the permit.

## FACTS

LandTech of Charleston, L.L.C. (LandTech) applied to OCRM for a permit to build a bridge across the marshes of the Wando River to Park Island in the Town of Mt. Pleasant. OCRM staff deemed Park Island a small island and therefore considered the permit application governed by the access-to-small-islands regulation, Regulation 30–12(N) (Small Islands

---

1. S.C.Code Ann. § 48–39–10(J) (Supp.2003).

Regulation).[2] LandTech claimed that Park Island was not a small island and that the application was governed by the transportation-projects regulation, Regulation 30–12(F) (Transportation Regulation).[3] OCRM disagreed and processed the permit application under the Small Islands Regulation, the criteria of which are more stringent than those of the Transportation Regulation. OCRM granted the permit.

Respondents objected and requested a contested hearing before the ALJD. At the hearing, LandTech raised its argument that Park Island was not a small island and that the Transportation Regulation, not the Small Islands Regulation, governed. Respondents countered that Park Island was a small island and that the criteria for the grant of a permit for bridge access had not been met. OCRM staff agreed with Respondents that Park Island was a small island but argued that the Small Islands Regulation was satisfied.

The Administrative Law Judge (ALJ) observed that "small island" is not defined in the regulations and decided "there needs to be some standard to guide the OCRM in its application of its regulation dealing with bridges to islands." The ALJ compared Park Island only to other islands within the Wando River basin; islands in other coastal areas were not considered. Because Park Island was larger than eighty percent of the Wando River basin's islands, the ALJ found that Park Island was not a small island. He therefore adopted LandTech's position that the application was governed by the Transportation Regulation, not the Small Islands Regulation. He held that the Transportation Regulation was satisfied and upheld the permit.

Nevertheless, because OCRM staff had granted the permit under the Small Islands Regulation, the ALJ addressed whether the permit complied with that regulation assuming Park Island were small. He found that each factor in the regulation that OCRM must consider weighed in favor of granting the permit. He stated that even if the Small Islands Regulation were the governing regulation, its criteria had been satisfied.

---

2. S.C.Code Ann. Regs. R. 30–12(N) (2004).

3. S.C.Code Ann. Regs. R. 30–12(F) (2004).

Respondents appealed to the Panel, which affirmed without analysis.

Respondents then appealed to the circuit court, which reversed. With respect to the issue whether the Transportation Regulation or Small Islands Regulation governed, the court held that the ALJ erred by using a test not promulgated by regulation. The court deferred to OCRM staff and found that Park Island was in fact a small island and that the permit application was therefore governed by the Small Islands Regulation. The court held that the permit's issuance did not comply with that regulation's criteria.

In addition, the circuit court held that there was not substantial evidence to support the finding that the permit's issuance complied with the regulation requiring OCRM to consider the direct and cumulative effects of a project, Regulation 30–11 (Effects Regulation).[4] The court vacated the grant of the permit.

LandTech appeals, arguing that the Transportation Regulation is the governing project-specific regulation and that its criteria are satisfied. OCRM also appeals, arguing that the Small Islands Regulation governs and that its criteria are satisfied. Both argue that the grant of the permit complies with the Effects Regulation.

## ISSUES

I. Whether the Transportation Regulation or the Small Islands Regulation is the governing project-specific regulation.

II. Whether the grant of the permit complies with the governing project-specific regulation.

III. Whether the grant of the permit complies with the Effects Regulation.

## STANDARD OF REVIEW

■■■■ The ALJ presided as the finder of fact at the contested hearing. S.C.Code Ann. § 1–23–600(B) (Supp.2003).

---

4. S.C.Code Ann. Regs. R. 30–11 (2004).

The Panel's review of the ALJ's decision was governed by South Carolina Code section 1–23–610(D).[5] The circuit court's appellate review of the Panel's decision was governed by section 1–23–380(A)(6),[6] which also governs this Court's review of the circuit court's decision. *Brown v. Dep't of Health and Envtl. Control*, 348 S.C. 507, 512, 560 S.E.2d 410, 413 (2002).

## ANALYSIS

South Carolina Code section 48–39–30[7] sets forth state policy with respect to development of critical area. Section 48–39–150[8] lists general considerations for OCRM to consider when deciding whether to grant a permit. The Effects Regulation repeats these policies and considerations and further requires OCRM to consider the cumulative effects of a project in critical area. Regulation 30–12[9] sets forth project-specific criteria for proposed construction in critical area, including transportation projects and projects for access to small islands.

---

5. S.C.Code Ann. § 1–23–610(D) (Supp.2003).

6. The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (a) in violation of constitutional or statutory provisions;
 (b) in excess of the statutory authority of the agency;
 (c) made upon unlawful procedure;
 (d) affected by other error of law;
 (e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
 S.C.Code Ann. § 1–23–380(A)(6) (Supp.2003).
 The circuit court erroneously believed its review was governed section 1–23–610(D), which is basically the same as section 1–23–380(A)(6). This error did not affect the circuit court's decision.

7. S.C.Code Ann. § 48–39–30 (Supp.2003).

8. S.C.Code Ann. § 48–39–150 (Supp.2003).

9. S.C.Code Ann. Regs. R. 30–12 (2004).

## I. The Governing Project–Specific Regulation

The circuit court held that the Small Islands Regulation, not the Transportation Regulation, was the governing project-specific regulation. We disagree.

■ "As a creature of statute," OCRM has "only those powers expressly conferred or necessarily implied for it to effectively fulfill the duties with which it is charged." *Captain's Quarters Motor Inn, Inc. v. S.C. Coastal Council*, 306 S.C. 488, 490, 413 S.E.2d 13, 14 (1991). OCRM has the duty to approve or deny permit applications. S.C.Code Ann. § 48–39–50(G) (Supp.2003). To fulfill this duty, OCRM must promulgate rules and regulations. S.C.Code Ann. § 48–39–130(B) (Supp.2003).

■ Whether an island is small is the threshold issue in determining whether the Transportation Regulation or the Small Islands Regulation is the governing project-specific regulation. No statute or regulation defines "small island." The circuit court held that the ALJ and Panel's test for determining whether an island is small—comparing Park Island only to other islands within the same watershed—was invalid because it was not promulgated by regulation. We agree.

The circuit court also held that Park Island was a small island, using no test but rather deferring to OCRM staff. OCRM and Respondents assert that "small" is a term of common understanding, so no particular test is necessary. We disagree.

"Small" is a term of subjective relativity, and the regulations provide no benchmark for comparative size. Smallness arguably could be determined per watershed, with respect to all of South Carolina's islands, or on an absolute scale. The problem is that there is nothing to interpret or apply.[10] Allowing OCRM to exercise unrestrained discretion is inconsistent with the statute requiring the agency to evaluate

---

10. Compare Regulation 30–12(M)(3), which generally prohibits the construction of "nonwater-dependent structures," but not boats, in critical area. S.C.Code Ann. Regs. R. 30–12(M)(3) (2004). 30–12(M)(3) grants OCRM discretion to determine whether a structure is a boat, but it also provides a guideline—"the primary function of the floating structure."

permit applications pursuant to regulation.[11] See *Captain's Quarters Motor Inn, Inc.,* 306 S.C. at 490–91, 413 S.E.2d at 14 (invalidating a test used by OCRM's predecessor in evaluating permit applications because it was not promulgated by regulation); see also *Edisto Aquaculture Corp. v. S.C. Wildlife and Marine Res. Dep't,* 311 S.C. 37, 40, 426 S.E.2d 753, 755 (1993) (distinguishing mandatory agency enabling statutes from permissive ones).

That there is no promulgated test means that the Small Islands Regulation fails for vagueness.[12] Any test to determine whether an island is small is invalid as not promulgated by regulation.

▮▮▮▮ In light of the Small Islands Regulation's invalidity, the circuit court should have deferred to the Panel's decision that the permit was governed by the Transportation Regulation. Courts defer to the relevant administrative agency's decisions with respect to its own regulations unless there is a compelling reason to differ. *Brown,* 348 S.C. at 515, 560 S.E.2d at 414; *Byerly Hosp. v. Health and Human Serv. Fin. Comm'n,* 319 S.C. 225, 229, 460 S.E.2d 383, 386 (1995). The Panel, not OCRM staff, is entitled to deference from the courts. See S.C.Code Ann. § 1–23–610(A) (Supp.2003); S.C.Code Ann. § 48–39–40(A) (Supp.2003); S.C.Code Ann. § 48–39–150(D) (Supp.2003); see also *Dorman v. Dep't of Health and Envtl. Control,* 350 S.C. 159, 167, 565 S.E.2d 119, 123–24 (Ct.App.2002).

There was no compelling reason to overrule the Panel's decision that the Transportation Regulation governed. Despite its adoption of the invalid ALJ test to determine whether an island is small,[13] the Panel's conclusion that the Transportation Regulation controlled was correct. As OCRM Director of Permitting and Certification Richard Chinnis testified, the Transportation Regulation is the default bridge regulation.

---

11. S.C.Code Ann. § 48–39–130(B) (Supp.2003).

12. No party has ever specifically raised the issue whether the Small Islands Regulation is vague, but the absence of specific criteria is critical to the issue whether Park Island is small, which LandTech has continuously raised.

13. The Panel affirmed the ALJ's decision in its entirety.

OCRM staff would have applied it had the staff recognized that the Small Islands Regulation was invalid.

Consequently, we reverse the circuit court's decision and hold that the Transportation Regulation was the governing project-specific regulation.

## II. Compliance With The Transportation Regulation

After holding that the Transportation Regulation was the governing project-specific regulation, the ALJ held that the regulation's criteria were met. As already noted, the Panel affirmed without analysis.

The criteria of the Small Islands Regulation are much more stringent than those of the Transportation Regulation. In fact, Respondents have not disputed the meeting of the Transportation Regulation's criteria. Rather, as already discussed, Respondents have argued only that the Small Islands Regulation controls and that its more stringent criteria are not met. Because of our resolution of the first issue, however, we address only the unchallenged ruling that the permit's issuance complied with the criteria of the Transportation Regulation.

 A ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling. *S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group*, 353 S.C. 249, 251, 578 S.E.2d 8, 9 n. 1 (2003). The law of this case is that the grant of the permit complied with the Transportation Regulation.

 Moreover, notwithstanding the law of the case, there is substantial evidence to support the finding that the grant of the permit complied with the Transportation Regulation. A reviewing court may reverse or modify an administrative decision if the findings of fact are not supported by substantial evidence. S.C.Code Ann. § 1–23–380(A)(6)(e) (Supp.2003). "Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Southeast Res. Recover, Inc. v. Dep't of Health and Envtl. Control*, 358 S.C. 402, 407, 595 S.E.2d 468, 470 (2004) (quoting *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative

agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. Pub. Serv. Comm'n,* 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

There is conflicting evidence in the record regarding the permit issuance's compliance with the Transportation Regulation. The evidence that the issuance did comply constitutes substantial evidence.

### III. Compliance With The Effects Regulation

 Regulation 30–11(B) requires OCRM to consider the direct effects of a project in critical area. Regulation 30–11(C)(1) requires OCRM to be guided by "[t]he extent to which long-range, cumulative effects of the project may result within the context of other possible development and the general character of the area." [14]

The circuit court held that there was not substantial evidence to support the finding that the grant of the permit complied with the Effects Regulation. We disagree.

The record contains conflicting evidence concerning the direct and cumulative effects of building the bridge to Park Island. The evidence that the effects will be minimal constitutes substantial evidence supporting the finding that the permit complies with the Effects Regulation. The circuit court's view of the weight of the evidence did not justify vacating the grant of the permit.

### CONCLUSION

South Carolina Regulation 30–12(F), the Transportation Regulation, is the project-specific regulation governing this permit's issuance, and the law of the case is that the issuance complies with the Transportation Regulation. Further, there is substantial evidence that the issuance also complies with Regulation 30–11, the Effects Regulation. The circuit court's decision vacating the grant of the permit is therefore

**REVERSED.**

MOORE, WALLER and BURNETT, JJ., concur. TOAL, C.J., concurring in a separate opinion.

---

14. Subsections (2) and (3) of Regulation 30–11(C) do not apply to this permit application. References

Chief Justice TOAL.

I agree with the result reached by the majority. In my view, however, OCRM properly granted the permit under the Small Islands Regulation. As the ALJ explained, in a decision affirmed by the Panel, OCRM determines which regulation governs the issuance of a permit on a "case-by-case basis." Moreover, the ALJ found that "OCRM gave appropriate consideration to the 11 specific requirements under [the Small Islands Regulation] in issuing the bridge permit ... and the permit satisfies all 11 requirements." Accordingly, I agree with the majority that the circuit court decision vacating the grant of the permit should be reversed.