THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 S.C. Department
 of Health and Environmental Control, Appellant,
 v.
 Philip
 Przyborowski, Respondent.
 
 
 

Appeal From Richland County
  Ralph K. Anderson, III, Administrative Law
Court Judge

Unpublished Opinion No. 2010-UP-182
 Heard October 7, 2009  Filed March 1,
2010
Withdrawn, Substituted and Refiled June
28, 2010

AFFIRMED AS MODIFIED

 
 
 
 Carlisle Roberts, Jr., of Columbia; Davis Arjuna
 Whitfield-Cargile, of Charleston; Elizabeth Applegate Dieck and Evander
 Whitehead, both of North Charleston, for Appellant.
 Christopher Holmes, of Mount Pleasant, for Respondent.
 
 
 

PER CURIAM:  This
 appeal concerns an administrative enforcement order issued by South Carolina
 Department of Health and Environmental Control (the Department) against Philip Przyborowski
 requiring the removal of a previously approved private dock on the ground that it
 exceeded the maximum allowable dimensions under the applicable regulation.  In
 the appealed order, the ALC determined that given the absence of any
 enforcement action against a similarly situated dock owner, the Department's
 institution of an enforcement action against Przyborowski "reflect[ed]
 arbitrary and purposeful discrimination in the administration of the law." 
 The Department appeals. 
We
 affirm the following issues raised by the Department pursuant to Rule 220(b),
 SCACR, and the following authorities:  (1) as to the timeliness of
 Przyborowski's request for review:  Rule 6(e), SCRCP (allowing five additional
 days to any prescribed period after service for a party to respond if service
 was by mail); Rule 3(C), SCALCR (providing a similar extension to that in Rule
 6(e), SCRCP), and (2) as to issues relating to the ALC's finding that the
 Department's enforcement action against Przyborowski was arbitrary:  S.C. Code
 Ann. § 1-23-610(B) (Supp. 2009) ("The court may not substitute its
 judgment for the judgment of the administrative law judge as to the weight of
 the evidence on questions of fact."); Neal v. Brown, 383 S.C. 619, 623,
 682 S.E.2d 268, 269 (2009) ("In permitting cases, the ALC serves as the
 finder of fact.").  Pursuant to section 1-23-610(B)(e) and (f), however,
 we modify the appealed order to uphold the dismissal of the enforcement action
 based on the ALC's finding that the enforcement action was arbitrary, rather
 than on the finding that the action amounted to a violation of Przyborowski's
 equal protection rights.
Based on our decision to affirm the appealed order, we decline to
 address Przyborowski's argument that the ALC erred in holding it could not
 invoke equitable estoppel as a defense to the Department's enforcement action.  See Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating
 an appellate court need not address remaining issues when a decision on a prior
 issue is dispositive); Whiteside v. Cherokee County Sch. Dist. No. One,
 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (declining
 to address certain issues on appeal because the decision on another issue was
 dispositive).
AFFIRMED
 AS MODIFIED.

HUFF,
 THOMAS, and PIEPER, JJ., concur.