THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Joe Davis, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 
 
 

Appeal from the Administrative Law Court
 Carolyn C. Matthews, Administrative Law Court
Judge

Unpublished Opinion No.  2011-UP-188
 Submitted April 1, 2011  Filed April 28,
2011

AFFIRMED

 
 
 
 Joe Davis, pro se, of Ridgeland, for
 Appellant.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: In
 this inmate appeal, Joe Davis argues the administrative law court (the ALC)
 erred in dismissing his appeal of his conviction for possession of a cell phone
 while incarcerated.  The ALC dismissed the appeal because Davis failed to
 provide a proof of service notifying the South Carolina Department of Corrections
 (the Department) of his appeal to the ALC within thirty days receipt of the Department's
 final decision.  On appeal to this court, Davis contends his conviction was not
 supported by substantial evidence and the Department violated his
 constitutional rights to free speech and procedural due process.  We affirm[1] pursuant to rule 220(b)(1), SCACR, and the following authorities: S.C.
 Coastal Conservation League v. S.C. Dep't of Heath & Envtl. Control,
 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005) ("A ruling not challenged on
 appeal is the law of the case, regardless of the correctness of the
 ruling." (citation omitted)); see also ALC Rule 59(D), ("The
 notice of appeal from the final decision to be heard by the [ALC] shall be
 filed with the [ALC] and a copy served on each party, including the agency,
 within thirty . . . days of receipt of the decision from which
 the appeal is taken.  The notice . . . shall contain the following
 information: . . . a certificate showing the service of the
 notice of appeal on all parties."); ALC Rule 62 ("Upon motion of any party, or on its own motion, an
 Administrative Law Judge may dismiss an appeal for failure to comply with any
 of the rules of procedure for appeals.").  
AFFIRMED.
FEW, C.J., KONDUROS, J.,
 and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.