THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Engaging and
 Guarding Laurens County's Environment ("EAGLE"), Respondent,
v.
South Carolina
 Department of Health and Environmental Control and MRR Highway 92, LLC, Defendants,
of whom MRR
 Highway 92, LLC, is Appellant.
 
 
 

Appeal from the Administrative Law Court
 Ralph K. Anderson, III, Administrative
 Law Court Judge

Unpublished Opinion No. 2011-UP-380
Heard May 3, 2011  Filed August 4, 2011

REVERSED

 
 
 
W. Thomas Lavender, Jr., and Joan W. Hartley, both of Columbia,
 for Appellant.
Amy E. Armstrong, of Pawleys Island, for Respondent.
 
 
 

PER CURIAM: 
 This appeal from the Administrative Law Court (ALC) arises out of the issuance
 of a solid waste management permit from the South Carolina Department of Health
 and Environmental Control (the Department) to Appellant MRR Highway 92, LLC
 (MRR).  Respondent Engaging and Guarding Laurens County's Environment (EAGLE)
 requested a contested case hearing after the Department decided not to conduct
 a final review conference regarding the issuance of the permit.  The ALC
 reversed the Department's decision and denied the permit, finding the proposed
 facility was not needed.  MRR appealed from the decision of the ALC, arguing
 the ALC did not have jurisdiction and the ALC erred in reversing the decision
 of the Department issuing a demonstration of need.  We find the request for a
 contested case hearing was timely filed.  We reverse the decision of the ALC
 and reinstate the decision of the Department because the Department acted
 within its discretion by declining to consider additional factors in issuing a
 demonstration of need to MRR.  See S.C. Code Ann. § 44-1-60(G)(3) (Supp.
 2010) ("An . . . affected person may file a request with the [ALC] for a
 contested case hearing within thirty calendar days after . . . the final agency
 decision resulting from the final review conference is received by the
 parties."); S.C. Code Ann. § 44-96-260(1) (2002) ("To carry out the
 purposes and provisions of [the South Carolina Solid Waste Policy and
 Management Act], the department is authorized to . . . promulgate such
 regulations, procedures, or standards as are necessary to protect human health
 and safety or the environment from the adverse effects of improper, inadequate,
 or unsound management of solid waste . . . ."); 25A S.C. Code Ann. Regs.
 61-107.17(D)(3)(d) (Supp. 2008) ("The Department reserves the right to
 review additional factors in determining need on a case-by-case basis.")
 (emphasis added); S.C. Coastal Conservation League v. S.C. Dep't of Health
 & Envtl. Control, 363 S.C. 67, 75, 610 S.E.2d 482, 486 (2005)
 ("Courts defer to the relevant administrative agency's decisions with
 respect to its own regulations unless there is a compelling reason to
 differ."); S.C. Code Ann. § 1-23-610 (Supp. 2010) (stating this court may
 reverse the decision of the ALC if it is affected by an error of law).  
REVERSED.
FEW,
 C.J, PIEPER, and LOCKEMY, JJ., concur.