**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Heather Rousey Piper, Respondent,

v.

Kerry Grissinger, William P. Hardee, and Paul E. Lesondak, Defendants,

Of Whom Kerry Grissinger and Paul E. Lesondak are the Appellants.

Appellate Case No. 2016-001104

Appeal From Chester County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2019-UP-030
Submitted October 1, 2018 – Filed January 16, 2019

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellants.

Christopher Lee Boguski and Jessica Clancy Crowson, both of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia, for Respondent.

**PER CURIAM:**  In this declaratory judgment action, the circuit court granted Heather Rousey Piper an easement for ingress and egress, determining "the means of access known as the 'Gandy Easement' is the most appropriate means of access to and from the Piper Parcel."  Kerry Grissinger and Paul E. Lesondak appeal, arguing Piper does not meet the elements for (1) an easement implied by prior use, (2) a prescriptive easement, or (3) an easement by necessity.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000)); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered [that] is not set forth in the statement of the issues on appeal."); *Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 249-50, 772 S.E.2d 505, 508 (2015) ("'An unappealed ruling is the law of the case and requires affirmance.'  Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))); *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005) ("A ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling."); *Bochette v. Bochette*, 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct. App. 1989) ("An appellant may not use . . . the reply brief as a vehicle to argue issues not argued in the appellant's brief."); *Kennedy v. S.C. Ret. Sys.*, 349 S.C. 531, 533, 564 S.E.2d 322, 323 (2001) ("The appellants have the responsibility to identify errors on appeal, not the [c]ourt. . . .  '[A]ppellate courts, like well-behaved children, do not speak unless spoken to and do not answer questions they are not asked.'" (last alteration by court) (quoting *State v. Austin*, 306 S.C. 9, 19, 409 S.E.2d 811, 817 (Ct. App. 1991))); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal."); *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Declaratory judgment actions are neither legal nor equitable[,] and[] therefore, the standard of review depends on the nature of the underlying issues."); *Lollis v. Dutton*, 421 S.C. 467, 478, 807 S.E.2d 723, 728 (Ct. App. 2017) ("To determine whether an action is legal or equitable, this [c]ourt must look to the action's main purpose as reflected by the nature of the pleadings, evidence, and

character of the relief sought." (alteration by court) (quoting *Fesmire v. Digh*, 385 S.C. 296, 303, 683 S.E.2d 803, 807 (Ct. App. 2009))); *Hardy v. Aiken*, 369 S.C. 160, 165, 631 S.E.2d 539, 541 (2006) ("The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury." (quoting *Slear v. Hanna*, 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998))); *Eldridge v. City of Greenwood*, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct. App. 1998) ("In a law case tried by the judge without a jury, this court reviews for errors of law and reviews factual findings only for evidence [that] reasonably supports the court's findings."); *Chapman v. Allstate Ins. Co.*, 263 S.C. 565, 567, 211 S.E.2d 876, 877 (1975) (holding the trial court's factual findings in a law action are equivalent to a jury's findings).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.