**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

CitiMortgage, Inc., Respondent,

v.

Mary L. Moxley a/k/a Mary Moxley n/k/a Mary Richardson; Hudson & Keyse LLC; First Manufactured Housing Credit Corporation who acquired First Carolina Financial Corporation; and South Carolina Department of Motor Vehicles, Defendants,

Of whom Mary L. Moxley is the Appellant.

Appellate Case No. 2017-002060

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

Unpublished Opinion No. 2019-UP-303
Submitted June 1, 2019 – Filed August 21, 2019

**AFFIRMED**

Tom Griffin Woodruff, Jr., of Woodruff Law Offices, LLC, of Aiken, for Appellant.

Magalie Arcure Creech, of Finkel Law Firm, LLC, of Charleston; and Kirby Darr Shealy, III, and W. Cliff

Moore, III, both of Adams and Reese LLP, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities: *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 440-41 (2014) ("A mortgage foreclosure is an action in equity." (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997))); *Belle Hall Plantation Homeowner's Ass'n, Inc. v. Murray*, 419 S.C. 605, 614, 799 S.E.2d 310, 315 (Ct. App. 2017) ("[This] court's standard of review in equitable matters is our own view of the preponderance of the evidence." (quoting *Horry County v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009))); *U.S. Bank Tr. Nat'l Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the [circuit court] is in the better position to assess the credibility of the witnesses." (quoting *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001))); *id.* ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the [circuit court] committed error in [its] findings." (quoting *Pinckney*, 344 S.C. at 387-88, 544 S.E.2d at 623)); *id.* at 374-75, 684 S.E.2d at 205 ("Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt."); *id.* at 375, 684 S.E.2d at 205 ("[T]he mortgagor has the burden of establishing a defense to foreclosure . . . .").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] Because Moxley did not specifically challenge the master's rulings as to the unauthorized practice of law and whether there were sufficient witnesses to the mortgage, we decline to address these arguments. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 363 S.C. 67, 76, 610 S.E.2d 482, 487 (2005) ("A ruling not challenged on appeal is the law of the case, regardless of the correctness of the ruling.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.