**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy Starnes, Claimant, Appellant,

v.

Meritage Asset Management, Inc. d/b/a Century Glass, Employer, and Insurance Company of the West, Carrier, Respondents.

Appellate Case No. 2022-001595

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2024-UP-165
Submitted April 1, 2024 – Filed May 8, 2024

**AFFIRMED**

Richard C. Alexander and Benjamin Thomas Cruse, both of Shelly Leeke Law Firm, LLC, of North Charleston, for Appellant.

Christopher Thomas Hourihan and Anne Veatch Noonan, both of Willson Jones Carter & Baxley, P.A., of North Charleston, for Respondents.

**PER CURIAM:**  Timothy Starnes appeals an order from an Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) affirming an order reducing attorney's fees.  On appeal, counsel for Starnes argues the Appellate Panel abused its discretion in affirming the single commissioner's order reducing his attorney's fees.  We affirm pursuant to Rule 220(b), SCACR.

We hold the Appellate Panel did not err in affirming the single commissioner's order reducing counsel's attorney's fees.  *See Gray v. Club Grp., Ltd.*, 339 S.C. 173, 182, 528 S.E.2d 435, 440 (Ct. App. 2000) (explaining an appellate court's review is limited to deciding "if the findings and conclusions of the [Appellate Panel] are affected by error of law, clearly erroneous in view of the reliable and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Thompson v. S.C. Steel Erectors*, 369 S.C. 606, 612, 632 S.E.2d 874, 878 (Ct. App. 2006) ("An abuse of discretion occurs if the Commission's findings are wholly unsupported by the evidence or the conclusions reached are controlled by an error of law.").  The Commission has the authority to implement policies and procedures as to the approval of attorney's fees.  Here, the Appellate Panel found that in accordance with its regulations and previous decisions, money set aside for future medical care is not included within the definition of "compensation," and therefore, the attorney's fees could not be calculated as to that amount.  *See* S.C. Code Ann. § 42-3-185 (2015) (addressing the promulgation of policies and procedures related to attorney's fees in Workers' Compensation cases); S.C. Code Ann. § 42-15-90(A) (2015) ("Attorney['s] fees . . . under this title are subject to the approval of the [C]ommission . . . ."); S.C. Code Ann. § 42-1-100 (2015) ("The term 'compensation' means the money allowance *payable* to an employee or to his dependents as provided for in [the Act] . . . ." (emphasis added)); *Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 34, 766 S.E.2d 707, 718 (2014) ("[Appellate courts] defer to an administrative agency's interpretations with respect to the statutes entrusted to its administration or its own regulations 'unless there is a compelling reason to differ.'" (quoting *S.C. Coastal Conservation League v. S.C. Dep't of Health & Env't Control*, 363 S.C. 67, 75, 610 S.E.2d 482, 486 (2005)).

Further, the Appellate Panel did not err in reducing the attorney's fees and rejecting counsel's amended fee petition based on his $1000 allocation for Starnes's future medical needs.  The Appellate Panel has discretion to determine the reasonableness of a fee and amend a fee petition when the calculated fee is not deemed reasonable.  S.C. Code Ann. Regs. 67-1204 (2012) (requiring attorneys to "report and obtain approval of any fee for services rendered" and granting the

Commissioner the authority to alter the amount of the fee awarded). We hold substantial evidence supports the Appellate Panel's finding that the attorney's fees were unreasonable because (1) Starnes's physician opined he would need a knee replacement, and (2) Starnes's testimony that he believed he would require more for his future medical needs indicated Starnes was not adequately informed as to the amount of his net settlement proceeds. *See Gray*, 339 S.C. at 182, 528 S.E.2d at 440 (explaining an appellate court's review is limited to deciding "if the findings and conclusions of the [Appellate Panel] are affected by error of law, clearly erroneous in view of the reliable and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("In workers' compensation cases, the Appellate Panel is the ultimate fact finder."); S.C. Code Ann. Regs. 67-1205(B) (2012) ("If the parties agree to a contingent fee contract, the fee is deemed reasonable" only if "[t]he attorney fully explains the fee agreement to the client and informs the client of the total dollar amount of the fee that will be deducted from the client's benefits . . . .").

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.